CITY OF MASON, Appellant,

v.

LOVELESS, Appellee.

[Cite as *Mason v. Loveless* (1993), 87 Ohio App.3d 264.]

Court of Appeals of Ohio,
Warren County.

No. CA92–10–090.

Decided April 19, 1993.

*Robert W. Peeler,* Mason City Prosecutor, and *Carolyn A. Potter,* Assistant City Prosecutor, for appellant.

*Ruppert, Bronson, Chicarelli & Smith Co., L.P.A.,* and *Ronald W. Ruppert,* for appellee.

---

*Per Curiam.*

Plaintiff-appellant, city of Mason, appeals a decision of the Mason Municipal Court granting a motion to suppress filed by defendant-appellee, Stewart J. Loveless.

On June 26, 1992, appellee was arrested for driving under the influence of alcohol in violation of Section 333.01(A)(1) of the Codified Ordinances of Mason, Ohio. Subsequently, appellee filed a motion to suppress, alleging that the stop of his vehicle violated his Fourth Amendment rights. A hearing was held on August 4, 1992.

Officer Don Cope of the Mason Police Department testified that on June 26, 1992 at approximately 1:59 a.m., he was heading north on Reading Road in Mason. Cope observed appellee's vehicle turn left from Main Street onto southbound Reading Road. After making the turn, the car drifted approximately one-half car length to the right and nearly struck the curb. Appellee then jerked the car away from the curb, but at no time did appellee leave his lane of travel. Cope then stopped appellee's vehicle.

After hearing the evidence, the trial court granted appellee's motion to suppress. This appeal followed.

In its sole assignment of error, the city states that the trial court erred in granting appellee's motion to suppress. It argues that Cope had specific and articulable facts to justify the investigative stop of appellee's vehicle. We find this assignment of error is not well taken.

██ If there is a reasonable and articulable suspicion that an automobile or its occupants are subject to seizure for a violation of the law, stopping that automobile and detaining its occupants is reasonable under the Fourth Amendment. *Delaware v. Prouse* (1979), 440 U.S. 648, 663, 99 S.Ct. 1391, 1401, 59

L.Ed.2d 660, 673–674. A reasonable suspicion must be based on specific and articulable facts which would justify an investigative stop. *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. The validity of an investigative stop is determined by looking at the totality of the surrounding circumstances. *State v. Freeman* (1980), 64 Ohio St.2d 291, 18 O.O.3d 472, 414 N.E.2d 1044, paragraph one of the syllabus, certiorari denied (1981), 454 U.S. 822, 102 S.Ct. 107, 70 L.Ed.2d 94.

In *State v. Giesler* (Aug. 30, 1985), Warren App. No. CA85–02–003, unreported, 1985 WL 7722, this court stated that R.C. 4511.19(A)(1), which is identical to the Mason ordinance in the present case, "merely requires that the accused be so much under the influence of alcohol or drugs that driving is affected. A pursuing officer must therefore have observed sufficient bad driving on the part of the accused to justify stopping him or her on suspicion of driving under the influence of alcohol." *Id.* at 5. We held that a slightly flawed right turn was not in and of itself enough to give an officer a reasonable and articulable suspicion that the driver was under the influence of alcohol. *Id.* at 6.

■ Similarly, we do not think that the officer's observation of appellee making one small weave within his lane of travel was sufficient to give the officer a reasonable and articulable suspicion that appellee was driving under the influence of alcohol. Accord *State v. Gullett* (1982), 78 Ohio App.3d 138, 604 N.E.2d 176. Therefore, the stop of appellee's vehicle violated his Fourth Amendment rights, and the trial court did not err in granting appellee's motion to suppress. Accordingly, the city's sole assignment of error is overruled.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

JONES, P.J., KOEHLER and WILLIAM W. YOUNG, JJ., concur.