**CITY OF HAMILTON, Appellee,**

v.

**LAWSON, Appellant.**

[Cite as *Hamilton v. Lawson* (1994), 94 Ohio App.3d 462.]

Court of Appeals of Ohio,
Butler County.

No. CA93–09–169.

Decided May 2, 1994.

■■■■■■■■■■

■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■

*Gary L. Sheets,* Hamilton City Prosecuting Attorney, and *Samuel D. Borst,* Assistant City Prosecuting Attorney, for appellee.

*John T. Willard,* for appellant.

WALSH, Presiding Judge.

On April 22, 1993, defendant-appellant, Curtis Lawson, was convicted in Hamilton Municipal Court of driving under the influence of alcohol in violation of R.C. 4511.19. Lawson now appeals setting forth the following assignment of error:

"An officer's observation of a driver making one small weave within his lane of traffic is not sufficient to give that officer reasonable and articulable suspicion that the driver was driving under the influence of alcohol, as would justify a stop of the vehicle, particularly when the substantial portion of road traveled had unmarked lanes."

Lawson argues that the trial court erred in denying his motion to suppress. We agree.

■■■■ In order for an initial stop to be valid, a police officer must have a reasonable and articulable suspicion that the motorist is operating a vehicle in violation of the law. *Delaware v. Prouse* (1979), 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660. The propriety of the initial stop is to be viewed in light of the totality of the circumstances. *State v. Bobo* (1988), 37 Ohio St.3d 177, 524 N.E.2d 489. An officer's observation of a motorist making one small weave within his lane of travel is insufficient to give the officer a reasonable and articulable suspicion that the motorist is driving under the influence of alcohol. *Mason v. Loveless* (1993), 87 Ohio App.3d 264, 266–267, 622 N.E.2d 6, 7.

Lawson was pulled over by Butler County Sheriff's Deputy Brian Bussel at approximately 2:15 a.m. on January 3, 1993. According to Deputy Bussel's testimony, Lawson was traveling on State Route 127, which is a four-lane road. Lawson was in the right-hand lane heading north. Deputy Bussel first testified that Lawson went left of center, but on cross-examination Deputy Bussel clarified

that left of center meant only that Lawson crossed the dotted white line that separates the two northbound lanes. Lawson did not cross the yellow center line into the southbound lane of travel. Further, Lawson crossed the dotted white line only one time.

Lawson then turned onto Augsperger Road, which has no markings. Deputy Bussel testified that Lawson completed the turn onto Augsperger Road without any problems. On Augsperger, Lawson apparently crossed the "imaginary center line" by approximately a foot two different times. Deputy Bussel further testified that Lawson was not speeding or driving erratically.

■ Under the circumstances of this case, Deputy Bussel did not have a reasonable and articulable suspicion that Lawson was driving under the influence of alcohol. Deputy Bussel's testimony that Lawson crossed an imaginary center line on Augsperger Road by a foot strains credibility. Even if Deputy Bussel did make such an accurate measurement, it was not significant enough to give Deputy Bussel a basis for pulling Lawson over, even when combined with the fact that Lawson crossed once over the dotted white line on State Route 127. Therefore, the stop of Lawson's vehicle violated his Fourth Amendment rights. See *Loveless*. The trial court erred in denying Lawson's motion to suppress.

Accordingly, Lawson's sole assignment of error is sustained. The judgment of the trial court is reversed, and Lawson is discharged.

*Judgment reversed.*

KOEHLER and KERNS, JJ., concur.

JOSEPH D. KERNS, J., retired, of the Second Appellate District, sitting by assignment.