OPINION
Philip Miller is appealing from his conviction, after a plea of no contest, in the Ashtabula County Court, Western Division for driving with a prohibited concentration of alcohol in his breath, in violation of R.C. 4511.19(A)(3). Appellant was arrested, on March 4, 1999, and charged with: operating a motor vehicle under the influence of alcohol, in violation of R.C.4511.19(A)(1); operating a motor vehicle with a prohibited blood alcohol concentration, in violation of R.C. 4511.19(A)(3); improper lane use, in violation of R.C. 4511.33; and, failure to wear a safety belt, in violation of R.C. 4513.263.
On April 27, 1999, appellant filed a motion to suppress all evidence because it was obtained by means of an illegal stop. On June 9, 1999, the trial court held a hearing on appellant's motion. At the hearing, Ohio State Trooper Frank Clayman testified that, shortly after midnight on March 4, 1999, he was investigating downed power lines on U.S. Route 6 at Higley Road, in Hartsgrove Township, Ohio. He observed appellant drive his pick-up truck eastbound on Route 6 and turn north on Higley Road, which has a packed gravel surface, no lane lines, and a slight crown in the middle of the road. He noticed that the truck was weaving. At that time, Trooper Clayman got into his patrol car, caught up to appellant's vehicle, and followed him for approximately a quarter of a mile. He testified that appellant was "weaving all over the roadway * * * from the northbound lane to the southbound lane and back and forth" and driving very slowly, twenty miles per hour. Trooper Clayman further testified that, although there were potholes in the road, appellant's weaving was "constant, even when there were no potholes, he was still weaving." Appellant testified that he was driving slowly and weaving because it was very dark and he was trying to avoid potholes.
On June 9, 1999, the trial court issued a judgment entry stating: "Trooper Clayman had reasonable suspicion that [appellant] was violating the law by failing to drive upon the right half of the roadway and operating a vehicle under the influence of alcohol." On July 21, 1999, appellant entered a plea of no contest and was found guilty by the court. He assigns the following as error:
 "The trial court erred in overruling defendant's motion to suppress."[1]
In order for an investigatory stop to fall within constitutional parameters, the police officer must be able to cite articulable facts that give rise to a reasonable suspicion of criminal behavior. Terry v.Ohio (1968), 392 U.S. 1, 21, 88 S.Ct. 1868. In order to conduct an investigative stop of a motor vehicle, a police officer must have an articulable and reasonable suspicion that the motorist is engaged in criminal activity or is operating his vehicle in violation of the law. Delaware v. Prouse (1979), 440 U.S. 648, 663,99 S.Ct. 1391, 1401. "The propriety of an investigative stop * * * must be viewed in light of the totality of the surrounding circumstances." State v. Bobo (1988),37 Ohio St.3d 177, 178, 524 N.E.2d 489. Observation of a traffic violation by a police officer provides probable cause to effect a traffic stop. Dayton v. Erickson
(1996), 76 Ohio St.3d 3, 7, 665 N.E.2d 1091.
R.C. 4511.33(A) provides in pertinent part:
 "Whenever any roadway has been divided into two or more clearly marked lanes for traffic * * * a vehicle * * * shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety."
Because Higley Road was a gravel road that was not divided into two or more clearly marked lanes, appellant could not have violated R.C. 4511.33. Therefore, a suspected violation of that statute would not justify a stop. It is not clear from Trooper Clayman's testimony whether he stopped appellant for violation of a R.C.4511.33 or because he suspected he was intoxicated, just that "it looked suspicious." However, the trial court determined that he had reasonable suspicion to believe that appellant was intoxicated. We agree.
In his sole assignment of error, appellant asserts his stop was invalid because Ohio appellate courts have held that "allegations of minor traffic offenses, in and of themselves, do not justify investigatory stops." Appellant cites four cases that overturned trial court decisions regarding the validity of stops based on minor, hyper-technical violations of traffic laws. Indeed, cases from numerous jurisdictions in Ohio have held thatde minimis lane violations are insufficient to give rise to a traffic stop. See Mason v. Loveless (1993), 87 Ohio App.3d 264,266, 622 N.E.2d 6. Those cases are inapplicable to the case at bar because the facts do not support appellant's contention that he was stopped for a de minimis lane violation. Trooper Clayman observed him weaving continuously for approximately a quarter of a mile, which strengthened the officer's testimony. This court has held that police officers may lawfully stop a motor vehicle solely on the basis that the vehicle is weaving, but only when the extent of the weaving was substantial. State v. Farley (Feb. 11, 1994), Lake App. No. 93-L-078, unreported. The weaving described by Trooper Clayman qualifies as substantial. The trial court did not err in overruling appellant's motion to suppress. Appellant's assignment of error is without merit.
The judgment of the Ashtabula County Court, Western Division, is affirmed.
 ______________________________ JUDGE ROBERT A. NADER
CHRISTLEY, P.J., O'NEILL, J., concur.
[1] In appellant's brief, he refers to a motion to dismiss. Because he never filed a motion to dismiss, we presume that he was referring to the motion to supress.