OPINION
Defendant-appellant, James J. Sandlin, appeals the decision of the Warren County Court overruling his motion to suppress. We affirm the trial court's decision.
On March 5, 1999, Clearcreek Township Chief of Police Anthony Scott arrested appellant and charged him with driving while under the influence of alcohol ("DUI") in violation of R.C. 4511.19(A)(1) and (3), and failing to drive within marked lanes in violation of R.C. 4511.33.[1]
Appellant filed a motion to suppress. The trial court held a hearing on the motion on August 3, 1999.
At the suppression hearing, the officer testified that on March 5, 1999, he was driving northbound on State Route 48 in Clearcreek Township, Warren County, when he noticed appellant's vehicle, a Chevrolet 3500 pick-up truck, traveling southbound on State Route 48. As appellant was driving around a curve "around the 7000-block near Heritage Hill," the officer observed that "both tires of the rear dual axle [of appellant's vehicle] were over the center line for the entire radius of th[e] curve." The officer explained that a dual axle vehicle has two tires on each side at the rear of the vehicle, or a total of four tires at the rear of the vehicle. The officer testified that upon seeing that appellant's vehicle was left of center, he moved his cruiser to the right side of the road.
The officer turned around to follow appellant and further observe his driving. The officer observed no impaired driving in the short distance he followed appellant. Appellant turned into the driveway of a residence on State Route 48. The officer knew the owners of the residence, an elderly couple, and suspected that appellant did not belong at this residence. The officer had made vacation checks on the residence in the past and had never seen appellant's vehicle there before. Because the officer doubted the owners were expecting visitors at 12:45 a.m. that day, he decided to investigate appellant's presence at the residence.
The officer turned into the driveway and pulled thirty to forty feet behind appellant's vehicle. While the officer illuminated appellant's vehicle with his headlights, he never turned on his overhead lights. There is no evidence the officer ever turned on his emergency lights or his police siren. While running a registration check on appellant's vehicle, the officer sat in his cruiser. Appellant sat in his vehicle with the lights off and never exited the vehicle. Upon finding that appellant's vehicle was not registered to the residence, the officer approached appellant's vehicle.
During his conversation with appellant, the officer detected a strong odor of alcoholic beverage about appellant's person and noticed that appellant had bloodshot and glassy eyes.[2] Appellant admitted having had three large glasses of beer at dinner. After appellant failed to satisfactorily perform three field sobriety tests, the officer arrested appellant for DUI and transported him to Springboro Police Department where he was given a breath test.[3]
On cross-examination, appellant challenged the officer's testimony regarding appellant's driving with a report prepared by the officer after appellant's arrest. The report stated in pertinent part that "while on patrol on St. Rt. 48 * * * I noticed an oncoming southbound vehicle traveling with both wheels of the left side duel [sic] axle outside the white fog line as it negotiated the curve." The officer explained that he mistyped white fog line for center lane line. The officer also testified that it was still his recollection that appellant's left rear tires were over the center line.
Appellant briefly testified on his own behalf. Appellant testified the officer never told him he had driven left of center. Rather, the officer told appellant he had pulled him over for almost hitting mailboxes and for crossing the white fog line with his "dually wheels".
At the end of the suppression hearing, the trial court orally overruled appellant's motion to suppress. The trial court's ruling was journalized in a judgment entry the same day. Appellant was subsequently convicted of DUI and sentenced accordingly. Appellant now appeals and raises two assignments of error.
In his first assignment of error, appellant argues that the trial court erred by denying his motion to suppress. Appellant contends that the officer did not have a reasonable and articulable suspicion to stop him for "one incidental crossing of the white fog line" and for pulling in the driveway of a residence the officer suspected he did not belong to. In support of his argument, appellant cites several opinions from this court[4] and other appellate districts which have held that a deminimis traffic violation, without more, was insufficient to justify an initial investigative stop. Appellant's argument under the first assignment of error is premised upon his contention that a stop was initiated when the officer pulled behind appellant and "parked in such a manner as to block [appellant's] path."
At the outset, we find that appellant's contention that the officer lacked reasonable suspicion because his traffic violation, if any, wasde minimis, is meritless. Once again, we reiterate that this court's cases cited by appellant concerning de _minimis traffic violation stops have been effectively overruled by the Ohio Supreme Court's decisions inState v. Wilhelm (1998), 81 Ohio St.3d 444, and State v. Erickson
(1996), 76 Ohio St.3d 3. Further, this court has recently expressly overruled Johnson and its progeny to the extent those cases incorrectly maintain that an officer must have a reasonable articulable suspicion to initiate a traffic stop even where the driver of the vehicle has committed a traffic violation. State v. Moeller (Oct. 23, 2000), Butler App. No. CA99-07-128, unreported. The observance by the officer of a traffic violation provides the officer with probable cause to make a traffic stop. See Erickson at syllabus.
We now turn to appellant's argument that the trial court erred by denying his motion to suppress. An appellate court may not disturb a trial court's decision on a motion to suppress where it is supported by substantial credible evidence. Maumee v. Johnson (1993),90 Ohio App.3d 169, 171. When reviewing a trial court's decision on a motion to suppress, an appellate court accepts the trial court's factual findings as long as they are supported by competent and credible evidence, relies upon the trial court's ability to assess the credibility of witnesses, and independently determines "without deference to the trial court, whether the court has applied the appropriate legal standard." State v. Anderson (1995), 100 Ohio App.3d 688, 691.
Fourth Amendment guarantees are not implicated in consensual encounters between police officers and citizens. Florida v. Bostick (1991),501 U.S. 429, 434, 111 S.Ct. 2382, 2386. "An encounter which does not involve physical force or a show of authority is a consensual encounter that does not trigger Fourth Amendment scrutiny; therefore, an officer does not need reasonable suspicion merely to approach an individual in order to make reasonable inquiries of him." State v. Brock (June 1, 1998), Clermont App. No. CA97-09-077, at 7, unreported. Consensual encounters are judged according to the totality of the circumstances. See State v. Bobo (1988), 37 Ohio St.3d 177, certiorari denied (1988),488 U.S. 910, 109 S.Ct. 264.
Based upon the totality of the circumstances, we find that the officer's initial contact with appellant was a consensual encounter, not a stop or seizure which would implicate Fourth Amendment scrutiny and require reasonable suspicion.
The record shows that the officer followed appellant for a short distance. Nothing in the officer's following of appellant amounted to a show of authority that would have made a reasonable person feel as if she or he was compelled to pull over. There is no evidence the officer activated his lights or turned on his police siren, nor did the officer signal appellant in any way to pull over. Appellant turned on his own into the driveway of the residence. When the officer eventually pulled behind appellant, appellant's vehicle was already parked and stationary. The officer neither stopped nor pulled over appellant's vehicle. Brock, Clermont App. No. CA97-09-077, at 8, unreported. Given the fact that appellant's vehicle was subsequently found not to be registered to the residence, that the officer had never seen appellant's vehicle there before even though he had made several vacation checks in the past, and the time of the night (12:45 a.m.), we find that it was reasonable for the officer to approach appellant and make inquiries of him.
During their conversation, the officer detected a strong odor of alcoholic beverage about appellant's person and noticed that appellant had bloodshot and glassy eyes. Appellant admitted drinking three beers. This information provided the officer with the reasonable suspicion necessary to administer the field sobriety tests. State v. King (Aug. 23, 1999), Clermont App. No. CA98-12-123, at 6, unreported. After appellant failed to satisfactorily perform the field sobriety tests, the officer then had probable cause to arrest appellant for DUI. Id.
We therefore find that the trial court did not err by denying appellant's motion to suppress. Appellant's first assignment of error is overruled.
In his second assignment of error, appellant argues that the trial court erred by failing to make factual findings as to whether the officer was justified in his investigative stop when the court overruled his motion to suppress. Appellant contends that the trial court's failure to determine which testimony of the officer was credible (the officer's testimony during the suppression hearing versus his written report) prevents this court from conducting a de novo review of the trial court's denial of his motion to suppress.
At the end of the suppression hearing, the trial court stated on the record that
 The officer's testimony is that he observed some driving whether it be outside the white marked edge line or over the center radius, and based upon that[,] made a determination to investigate further. At that point, he didn't stop the vehicle didn't stop you, didn't make a decision at that point that this was enough to make a stop. And there was nothing further beyond that point, by way of any erratic driving or anything further. But what he did see is you pulled into the driveway of a home, down several hundred feet of lane I think is what the information was and his testimony was that he knew the homeowners. He knew them from conversations with them because he had done vacation checks at their house before and knew that this vehicle was not one that was normally at this residence.
 Based upon that, ran the tags and investigated further. I have to make my decision based upon all the circumstances, not just one aspect of it and I think based upon his observations of you going down this lane, knowing that you didn't belong at the house, that he was not familiar with you being at the house, having been requested to do vacation checks at the home before, and then running the tags and finding that the vehicle was not one registered to that home, that gave him the ability or the right to at least investigate further, if you will, to ascertain whether, in fact, there was something suspicious going on. That's all they have to do at this point, and based upon all those facts existing, I think he had that reasonable, articulable suspicion. So based upon those factors, on the limited issue presented in this motion, I'm going to overrule the motion to suppress[.]
 Crim.R. 12(E) provides in pertinent part that "[w]here factual issues are involved in determining a motion, the court shall state its essential findings on the record." However, "in order to invoke the rule, the defendant must request that the court state its essential findings of fact in support of its denial of a motion." State v. Eley (1996), 77 Ohio St.3d 174, 179. See, also, State v. Thompson (Mar. 8, 1993), Butler App. No. CA92-09-168, unreported. Appellant's "failure to invoke the rule waived any error." Eley
at 179. In addition, the trial judge made the foregoing statements on the record. We have the benefit of the transcript of the suppression hearing, upon which the trial court based the foregoing statements. When taken together with the record, the trial court's statements provide us with a sufficient basis to review the correctness of the trial court's denial of appellant's motion to suppress. See State v. Almalik (1987), 41 Ohio App.3d 101. For these reasons, we find the trial court did not err by failing to make factual findings as to whether the officer was justified in his investigatory stop. Appellant's second assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and VALEN, J., concur.
[1] The marked lanes violation was later dismissed by the state of Ohio.
[2] The sequence of events between the time the officer approached appellant's vehicle and appellant's arrest for DUI was described in a written report prepared by the officer after appellant's arrest. Because the hearing on appellant's motion to suppress was solely limited to the officer's articulable suspicion to stop or approach appellant's vehicle, the officer did not testify as to what happened once he approached appellant.
[3] The results of the test revealed that appellant had a breath alcohol concentration of .179 grams per two hundred ten liters of breath.
[4] For example, appellant cites State v. Johnson (1995),105 Ohio App.3d 37, and Mason v. Loveless (1993), 87 Ohio App.3d 264.