OPINION
{¶ 1} Defendant-appellant Michael Powell appeals from his conviction and sentence in Mahoning County Court No. 2, for reckless operation, a violation of R.C. 4511.20, a fourth degree misdemeanor. Four issues are raised in this appeal. The first issue is whether he pled guilty to reckless operation. The second issue is whether the trial court complied with the mandates in Crim.R. 11 when it accepted his no contest plea. The third issue is whether trial counsel was ineffective. The fourth issue is whether an Administrative License Suspension (ALS) violates constitutional due process. For the reasons expressed below, the judgment of the trial court is reversed, the plea is vacated due to Crim.R. 11/Traf.R. 10 deficiencies, and the cause is remanded for further proceedings.
 STATEMENT OF CASE {¶ 2} On October 8, 2004, Trooper Shepherd observed Powell and a driver of a red Chevrolet standing outside looking at the rear bumper of the Chevrolet. According to the statement of facts in the police report, it appeared to the Trooper as if there had been a very minor rear-end collision and the driver of the red Chevrolet waved Powell on as if there had been no damage. Both cars then left the scene.
 {¶ 3} While driving away, the Trooper observed Powell change lanes without using his turn signal. The Trooper then followed Powell and noticed that his registration was expired. Powell was then stopped.
 {¶ 4} While at the vehicle, the Trooper noticed the odor of alcohol emanating from Powell's breath. This resulted in the administration of field sobriety tests. The Horizontal Gaze Nystagmus test revealed all three cues in the right and left eyes. Two cues were denoted in the Walk and Turn test. Three cues were denoted in the One Leg Stand test. A Portable Breath test was administered and Powell blew a .10. Later, the BAC DataMaster breath test was administered; Powell blew a .102, which was above the legal limit of .08.[1]
 {¶ 5} As a result of all of the above, Powell was charged with operating a vehicle while under the influence (R.C.4511.19(A)(1)(a)), operating a vehicle while having a prohibited content (R.C. 4511.19(A)(1)(d)), open container, and expired registration. The case then proceeded. Powell retained counsel and a motion to suppress was filed. The suppression hearing was set for February 15, 2005. On that day, Powell requested the hearing be postponed for one week. (Tr. 3). The request was granted. (Tr. 3).
 {¶ 6} The hearing was resumed on February 22, 2005. (Tr. 4). From the record, it appears a plea agreement was reached. (Tr. 4, 02/15/05 J.E.) The February 15, 2005, Judgment Entry indicates that Powell pled no contest to the reckless operation charge and the trial court found him guilty. The trial court fined him $250 plus court costs. In lieu of 30 days in jail, the court ordered Powell to attend 72 consecutive hours of D.I.P. (Driver Intervention Program) and one year of probation. The court then suspended his license for 180 days and granted occupational driving privileges after 15 days. As to the open container charge, Powell also pled no contest. The trial court found him guilty and fined him $25. The same occurred regarding the expired registration charge; Powell pled no contest, was found guilty, and was fined $25.
 {¶ 7} This appeal follows. Powell raises five assignments of error.[2] Powell's brief does not fully comply with App.R. 16. For instance, only the first two assignments of error have arguments made under them. App.R. 16(A)(7) requires "an argument containing the contention of appellant with respect to each assignment of error."
 FIFTH ASSIGNMENT OF ERROR {¶ 8} Due to its dispositive nature, appellant's fifth assignment of error will be addressed first. It states:
 {¶ 9} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY VIOLATING OHIO CRIMINAL PROCEDURE RULE 11(D) BY FAILING TO ADVISE APPELLANT OF THE ESSENTIAL ELEMENTS OF THE OFFENSE, AND FURTHER IT FAILED TO ADVISE THE DEFENDANT OF HIS RIGHTS TO APPEAL AFTER THE SENTENCE WAS IMPOSED WITH NO FACTUAL FINDING TO HAVE BEEN MADE REGARDING THE BASIS FOR THE RECKLESS OPERATION UPON WHICH NO CONTEST PLEA WAS ENTERED AS THE SAME IS CONSTITUTIONALLY INVALID BECAUSE THE PLEA WAS NOT KNOWING AND INTELLIGENTLY MADE AS REQUIRED BY THE OHIO CONSTITUTION AND CONSTITUTION AND LAWS OF THE UNITED STATES AND DUE PROCESS OF LAW IN FAILING TO ADVISE THE DEFENDANT."
 {¶ 10} As stated above, Powell does not follow the appellate rules in that there are no arguments made under each assignment of error. This assignment of error, for example, has no argument in the brief. However, by going through the brief, one can find references to Crim.R. 11 and deduce that Powell is arguing that the trial court did not comply with Crim.R. 11.
 {¶ 11} Crim.R. 11 mandates the trial court to advise defendants of the effect of their plea and rights they waive by entering a plea. Crim.R. 11 is divided in multiple parts. Section (C) addresses the advisements that must be made in felony cases; section (D) addresses advisements that must be made in serious misdemeanor cases; section (E) addresses the advisements that must be made in petty misdemeanor cases. See State v. Watkins,99 Ohio St.3d 12, 2003-Ohio-2419, ¶ 25. However, Crim.R. 11 does not govern traffic cases. Rather, it is Traf.R. 10 that governs traffic cases.
 {¶ 12} Traf.R. 2 defines which cases fall under the Traffic Rules. It states:
 {¶ 13} "(A) `Traffic case' means any proceeding, other than a proceeding resulting from a felony indictment, that involves one or more violations of a law, ordinance, or regulation governing the operation and use of vehicles, conduct of pedestrians in relation to vehicles, or weight, dimension, loads or equipment, or vehicles drawn or moved on highways and bridges. `Traffic case' does not include any proceeding that results in a felony indictment.
 {¶ 14} "* * *
 {¶ 15} "(D) `Petty offense' means an offense for which the penalty prescribed by law includes confinement for six months or less.
 {¶ 16} "(E) `Serious offense' means an offense for which the penalty prescribed by law includes confinement for more than six months." Traf.R. 2.
 {¶ 17} This case deals with a plea involving reckless operation, a fourth degree misdemeanor. Reckless operation of a vehicle clearly falls under a "traffic case." A defendant found guilty of a fourth degree misdemeanor cannot be sentenced to more than 30 days in jail. R.C. 2929.21(B)(4). Thus, the advisement that is required in this case is misdemeanor traffic cases involving petty offenses. Such advisement is spelled out in Traf.R. 10(D), which is entitled "Misdemeanor cases involving petty offenses."
 {¶ 18} That said, admittedly, Powell cites to Crim.R. 11, the wrong rule. However, Crim.R. 11(E) and Traf.R. 10(D) are identical in all relevant parts. Thus, by claiming a Crim.R. 11 violation, Powell is effectually claiming a Traf.R. 10(D) violation. Therefore, the mandates of Traf.R. 10(D) must be examined to determine whether the trial court complied with the rule.
 {¶ 19} Traf.R. 10(D) reads:
 {¶ 20} "In misdemeanor cases involving petty offenses, except those processed in a traffic violations bureau, the court may refuse to accept a plea of guilty or no contest and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty."
 {¶ 21} The Ohio Supreme Court has stated that a trial court complies with Traf.R. 10(D) by informing the defendant of the information contained in Traf.R. 10(B). Watkins,99 Ohio St.3d 12, 2003-Ohio-2419, syllabus. Traf.R. 10(B) provides a description of the effect of a guilty or no contest plea:
 {¶ 22} "(B) Effect of guilty or no contest pleas
 {¶ 23} "With reference to the offense or offenses to which the plea is entered:
 {¶ 24} "(1) The plea of guilty is a complete admission of the defendant's guilt.
 {¶ 25} "(2) The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the complaint and such plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding."
 {¶ 26} The record in this case indicates that the trial court did not comply with Traf.R. 10(D); the trial court did not inform Powell of the effect of his no contest plea prior to its acceptance in accordance with Traf.R. 10(B)(2). The two and half page plea and sentencing transcript consists of one and half pages stating that there was a plea agreement that Powell would enter a no contest plea to reckless operation, open container and expired registration and the penalties for those violations. (Tr. 4, 6). The remaining one page is a discussion concerning the suppression motion that was previously filed. (Tr. 5). This colloquy does not even remotely comply with Traf.R. 10(B)(2). SeeState v. Thompson, 7th Dist. No. 03MA247, 2005-Ohio-6448
(reversing a similar case for the same reason). As such, this assignment of error has merit.
 SIXTH ASSIGNMENT OF ERROR {¶ 27} "OHIO REVISED STATUTE STATUTES [SIC] THAT ALLOW IMPOSITION OF PAINS, AND PENALTIES OR PUNISHMENTS BY UNELECTED ADMINISTRATIVE AGENCY OFFICIALS PRIOR TO ANY HEARING, JURY VERDICT OR TRIAL ARE CONSTITUTIONALLY OFFENSIVE AND VIOLATES DUE PROCESS EQUAL PROTECTION OF FEDERAL AND STATE CONSTITUTIONS AS APPLIED SO AS TO RENDER THE STATUTES OR PUNISHMENTS UPON WHICH THE JUDGMENT RESTS AS VOID OR VOIDABLE."
 {¶ 28} Under this assignment of error, Powell finds fault with Ohio's Administrative License Suspension (ALS). He claims that ALS violates his due process rights.
 {¶ 29} A similar argument was made to this court in State v.Campbell (1996), 115 Ohio App.3d 319. In that case we explained:
 {¶ 30} "A driver's license does confer a limited property interest on its owner, and a person may not be deprived of it without the procedural due process mandated by theFourteenth Amendment of the United States Constitution. Bell v. Burson
(1971), 402 U.S. 535. The question now becomes, how much process is due?
 {¶ 31} "The United States Supreme Court and Ohio Supreme Court both use the test expressed in Mathews v. Eldridge
(1976), 424 U.S. 319, as a basis for due process analysis in administrative hearings. See, e.g., Dixon v. Love (1977),431 U.S. 105; Mackey v. Montrym (1979), 443 U.S. 1; Doyle v. OhioBur. of Motor Vehicles (1990), 51 Ohio St.3d 46; In re ShaefferChildren (1993), 85 Ohio App.3d 683; In re Bailey (1989),64 Ohio App.3d 291. The Eldridge test requires three distinct factors to be weighed to determine whether the process granted by the state is constitutionally adequate:
 {¶ 32} "`First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of that interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirements would entail.'Eldridge, at 335.
 {¶ 33} "In Mackey, supra, the United States Supreme Court encountered a Massachusetts statute that required a ninety-day suspension for any driver who refused a breath analysis test upon arrest for operating a motor vehicle while under the influence of an intoxicating liquor. The Mackey court found the driver's interest in the continued possession and use of a driver's license pending the outcome of a hearing to be a substantial interest. However, the Mackey court reasoned that the ALS did not violate the Due Process Clause since a postsuspension hearing was available immediately upon a driver's suspension and could easily be initiated by the driver, the risk of erroneous observation or deliberate misrepresentation of the facts by a police officer was insubstantial, and because the state's interest in removing drunken drivers from the road was substantially served by the summary suspension.
 {¶ 34} "The Ohio Supreme Court addressed the issue of a license suspension pursuant to R.C. 4507.08 in Doyle, supra,51 Ohio St.3d 46. The Doyle court cited the Mackey decision and followed the Eldridge test. The Ohio Supreme Court in Doyle
stated:
 {¶ 35} "`We emphasize that an operator's license in the state of Ohio is a privilege and is not a property right.' Id. at 52.
 {¶ 36} "More particularly, the Supreme Court of the United States has found the driver's interest to be the continued possession of a driver's license pending the outcome of a hearing, and that interest to be a substantial one. In Mackey,
supra, 443 U.S. 1, the United States Supreme Court, citing Dixonv. Love, supra, 431 U.S. 105, stated:
 {¶ 37} "`* * * The driver's interest is in the continued possession and use of his license pending the outcome of the hearing due him. As we recognized in Love, that interest is a substantial one, for the commonwealth will not be able to make a driver whole for any personal inconvenience and economic hardship suffered by reason of any delay in redressing an erroneous suspension through postsuspension review procedures * * *.'Mackey, 443 U.S. at 11.
 {¶ 38} "Therefore, under the first part of the Eldridge
test, we must conclude that the private interest that will be affected by the official action is substantial.
 {¶ 39} "The second part of the Eldridge test requires a consideration of the likelihood of an erroneous deprivation. For a police officer to suspend an individual's driver's license, certain basic steps must be followed. First, the officer must have reasonable and articulable suspicion that a motorist is operating a vehicle in violation of the law to make an initial traffic stop. Hamilton v. Lawson (1994), 94 Ohio App.3d 462. If, during that brief detention, the officer develops probable cause to believe the suspect is driving under the influence of alcohol, the officer may place the individual under arrest.State v. Antill (1993), 91 Ohio App.3d 589. Next, if the officer requests the individual to submit to a chemical test and the individual either refuses or has an alcohol level over the legal limit, R.C. 4511.191 requires the officer to immediately seize and suspend the individual's driver's license. Before the officer requests a chemical test, however, the officer is required to advise the individual of the consequences for refusing to submit to a chemical test or for being found over the legal alcohol level by the test. The suspension will last until the initial appearance on the charge, which must be held within five days after the arrest, at which time the suspension may be appealed.
 {¶ 40} "We must agree with the Mackey court that the risk of an erroneous observation or deliberate misrepresentation by a police officer is insubstantial. In addition, a suspension may be appealed at the initial appearance on the charge, which must be held within five days. This safeguard limits the duration of any potentially wrongful deprivation of the driver's property interest, the duration being an important factor in evaluating the impact of the state action on the private interest involved.Fusari v. Steinberg (1975), 419 U.S. 379, 389.
 {¶ 41} "The final element of the Eldridge test concerns the government's interests. The Mackey court found the government to have a compelling interest in keeping people who are driving while under the influence of alcohol off the roads. The Mackey
court stated:
 {¶ 42} "`States surely have at least as much interest in removing drunken drivers from their highways as in summarily seizing mislabeled drugs or destroying spoiled food stuffs.' Id.,443 U.S. at 17.
 {¶ 43} "Consistent with Mackey, we find that the state's interest in removing drunken drivers from the road is substantially served by the summary suspension.
 {¶ 44} "Appellant's due process argument is without merit."Campbell, 115 Ohio App.3d at 327-329. See, also, State v.Hochhausler, 76 Ohio St.3d 455, 1996-Ohio-374; Mathews v.Eldridge (1976), 424 U.S. 319.
 {¶ 45} Consequently, as is shown above, ALS does not violate due process. This assignment of error lacks merit.
 FIRST ASSIGNMENT OF ERROR {¶ 46} "THE COURT BELOW COMMITTED REVERSIBLE ERROR IN THAT THE JUDGMENT ENTERED ON FEBRUARY 15, 2005, WAS DONE SO PRIOR TO ANY ENTRY OF PLEA OR PURPORTED AMENDMENT TO THE CHARGES."
 SECOND ASSIGNMENT OF ERROR {¶ 47} "APPELLANT DID NOT HAVE EFFECTIVE ASSISTANCE OF COUNSEL DURING THE CRIMINAL PROCEEDING AS APPEALED HEREIN AND AS SUCH THE ENTRY OF JUDGMENT WAS FLAWED, AND THE RESULT OF THE PROCEEDINGS WOULD HAVE BEEN CHANGED, IN THAT THE PLEA OF NO CONTEST WOULD NEVER HAVE BEEN ENTERED, IN FACT, WAS NOT ENTERED ON FEBRUARY 15, 2005, AS STATED IN THE JUDGMENT; WHEREIN THE ENTRY OF THE JUDGMENT VIOLATED THE CONSTITUTION OF THE UNITED STATES, AND THE CONSTITUTION OF THE STATE OF OHIO, IN THAT BUT NOT LIMITED TO:
 {¶ 48} "1. COUNSEL AS WAS THE COURT UNAWARE OF THE DEFECTIVE CHARGE OR LACK OF THE ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED, WHICH ESSENTIALLY WERE MADE ALLEGING A RECKLESS OPERATION OF A MOTOR VEHICLE, AND FURTHER, COUNSEL ALONE DID NOT SO ADVISE THE PETITIONER OR REQUIRE OR REQUEST THE COURT TO SO ADVISE APPELLANT HEREIN OF THE ESSENTIAL ELEMENTS OF THAT OFFENSE;
 {¶ 49} "2. THE PEOPLE DID NOT ALLEGE AND COULD NOT HAVE PROVEN A CHARGE OF `RECKLESS OPERATION OF A MOTOR VEHICLE' AS SUCH INCIDENT NEVER OCCURRED OR TOOK PLACE AS THE STATUTE PREMISED UPON THE AMENDED CHARGE;
 {¶ 50} "3. THE MENS RAE ELEMENTS OF THE OFFENSES I.E., STATEMENT OR ADVISE THAT A PERSON ACTS KNOWINGLY, REGARDLESS OF HIS PURPOSE, WHEN HE IS AWARE THAT HIS CONDUCT WILL PROBABLY CAUSE A CERTAIN RESULT CAN NOT BE ESTABLISHED IN THIS CAUSE TO SUPPORT THE JUDGMENT."
 FOURTH ASSIGNMENT OF ERROR {¶ 51} "THE COURT FOUND THE REGISTRAR COMMITTED ERROR WITH THE PRESENT JUDGMENT PUNISHMENTS TO REST IN ERROR UPON ERROR."
 {¶ 52} Due to our disposition of the fifth assignment of error, assignments of error one, two, and four are rendered moot. As such, we will not address these assignments of error.
 {¶ 53} In conclusion, ALS does not violate due process. However, Powell's plea was not entered into in conformity with Traf.R. 10(D).
 {¶ 54} For the foregoing reasons, the judgment of the trial court is hereby reversed, the plea is vacated and the case is remanded for further proceedings according to law and consistent with this Court's Opinion. All other issues raised in this appeal are rendered moot by that determination.
Donofrio, P.J., concurs.
Waite, J., concurs.
[1] The new R.C. 4511.19, Operation of Motor Vehicle while Intoxicated, statute which changed the legal limit from .10 to .08 became effective on September 23, 2004.
[2] Assignments are labeled one, two, four, five, and six. There is no listed third assignment of error.