THE STATE OF OHIO, APPELLEE, *v.* WATKINS, APPELLANT.

[Cite as *State v. Watkins,* 99 Ohio St.3d 12, 2003-Ohio-2419.]

(No. 2001–2273—Submitted January 22, 2003—Decided May 16, 2003.)

PFEIFER, J.

### Factual Background

{¶ 1}   On May 19, 2000, appellant, Scott V. Watkins, was arrested for violating R.C. 4511.19(A)(1), operating a vehicle while under the influence of alcohol ("DUI"). The state prosecuted appellant as a second offender based upon an earlier DUI conviction in 1994.

{¶ 2}   On February 5, 2001, at a hearing in Fairborn Municipal Court, appellant's counsel entered a no contest plea on his behalf. The trial judge advised appellant as follows:

{¶ 3}   "[N]o contest means you're not admitting you are guilty, but you are also not contesting the facts in the Complaint and Affidavit. Based on those facts, the Court could and probably would find you guilty. Do [you] understand that?"

{¶ 4}   Appellant indicated that he understood. The judge then asked defense counsel whether he wanted the prosecutor to read into the record the facts underlying the charge. Counsel responded, "That is not necessary, your Honor. We would agree that sufficient facts would exist upon which the Court can make a finding of guilty."

{¶ 5}   The court accepted appellant's no contest plea and found him guilty of DUI. The court sentenced appellant as a second offender to 60 days' incarceration, with 50 days suspended.

{¶ 6}   Appellant appealed, arguing that before accepting his plea, the court should have engaged him in a colloquy that complied with Crim.R. 11(C). That rule requires a court to advise a defendant who pleads guilty or no contest to a felony charge that he is waiving his right to a jury trial, his right to confront witnesses, his right to have compulsory process for obtaining witnesses, his right

against self-incrimination, and his right to require the state to prove his guilt beyond a reasonable doubt.

{¶ 7} The appellate court affirmed the judgment of the trial court on November 16, 2001. The court noted that the "case is governed by Traf.R. 10(D), rather than Crim.R. 11(E). * * * However, the two rules are identical in all relevant parts, and the framework for analyzing cases involving Crim.R. 11(E) is therefore equally appropriate to cases involving Traf.R. 10(D)." The court held that the trial court had complied with Crim.R. 11(E) and was not required to comply with the expanded informational requirements of Crim.R. 11(C). The court acknowledged that its opinion was at odds with those of nine other appellate districts and, in a separate opinion, sustained appellant's motion to certify a conflict.

{¶ 8} On March 6, 2002, this court agreed that a conflict exists among appellate districts and ordered the parties to brief the following issue:

{¶ 9} "Where a defendant charged with a petty offense changes his plea of not guilty to a plea of guilty or no contest, does the trial court comply with Traf.R. 10(D) and Crim.R. 11(E) by informing the Defendant of the information contained in Traf.R. 10(B) or Crim.R. 11(B) or must the trial court engage in a colloquy with the defendant that is substantially equivalent to that required by Crim.R. 11(C) in felony cases?"

## Law and Analysis

{¶ 10} R.C. 2937.46 authorizes this court, "for the purpose of promoting prompt and efficient disposition of cases arising under the traffic laws of this state and related ordinances," to adopt "rules for practice and procedure in courts inferior to the court of common pleas." This court has promulgated the Ohio Traffic Rules pursuant to that statute. Traf.R. 1(B) states that the rules "shall be construed and applied to secure the fair, impartial, speedy and sure administration of justice, simplicity and uniformity in procedure, and the elimination of unjustifiable expense and delay." The Traffic Rules apply to "traffic cases," a term defined in Traf.R. 2 as "all proceedings involving violations of laws, ordinances and regulations governing the operation and use of vehicles." Since the charges brought against appellant involved violations of traffic ordinances, the Traffic Rules applied to his case.

{¶ 11} Traf.R. 10 addresses pleas and a defendant's rights when pleading. Traf.R. 10(D) addresses misdemeanor cases involving petty offenses. A "petty offense" is defined in Traf.R. 2 as "an offense for which the penalty prescribed by law includes confinement for six months or less." It is undisputed that appellant's offense was a petty offense. Traf.R. 10(D) reads:

{¶ 12} "In misdemeanor cases involving petty offenses, except those processed in a traffic violations bureau, the court may refuse to accept a plea of

guilty or no contest and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty."

{¶ 13}   The effect of a no contest plea is defined in Traf.R. 10(B)(2):

{¶ 14}   "The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the complaint and such plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding."

{¶ 15}   The issue is whether a trial judge must inform a defendant of anything more than the Traf.R. 10(B) description of the effect of a guilty or no contest plea to meet the Traf.R. 10(D) requirement of "informing the defendant of the effect of the plea."   Several appellate districts hold that more is necessary.   The leading case requiring more is *Toledo v. Chiaverini* (1983), 11 Ohio App.3d 43, 11 OBR 76, 463 N.E.2d 56, in which the court interpreted Crim.R. 11, which, although inapplicable to traffic cases pursuant to Crim.R. 1(C)(3), does largely mirror Traf.R. 10.   In fact, Crim.R. 11(E), which applies to nontraffic misdemeanor cases involving petty offenses, is identical in all relevant respects to Traf.R. 10(D).   The *Chiaverini* court held as follows:

{¶ 16}   "The court, when informing a defendant of the effect of a plea of guilty, no contest or not guilty, pursuant to Crim.R. 11(E), should advise the defendant of his right to a trial by jury or to the court;  the burden upon the prosecution to prove his guilt beyond a reasonable doubt if he were to go to trial; his right to cross-examine the witnesses called against him;  his right not to testify;  and his right to subpoena any witness he may have in his own defense. The court should further advise the defendant that, if he pleads no contest, the court will make a finding with regard to the defendant's guilt or innocence, based upon an explanation of the circumstances as they are set forth in the complaint, as they are presented by the prosecution, or as they are presented by the complainant."

{¶ 17}   In *Chiaverini,* the court of appeals noted that the trial court's statement to defendant regarding his no contest plea was as follows: "Let me explain. If you enter a no contest plea today, I will make a finding of guilty * * *."   Thus, under Crim.R. 11(E), the trial court in *Chiaverini* plainly failed to adequately inform the defendant of the effect of his plea.   However, *Chiaverini* went further in describing what Crim.R.11(E) requires.

{¶ 18}   Essentially, *Chiaverini* requires a judge in a case with a defendant who falls under Crim.R. 11(E), i.e., a defendant charged with a misdemeanor involving a petty offense, to engage in the same colloquy with the defendant as that required specifically by Crim.R. 11(C) for felony defendants.   That rule reads:

{¶ 19}   "(C) Pleas of guilty and no contest in felony cases

{¶ 20}   "* * *

{¶ 21}   "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

{¶ 22}   "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

{¶ 23}   "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

{¶ 24}   "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."

{¶ 25}   A judge's duty to a defendant before accepting his guilty or no contest plea is graduated according to the seriousness of the crime with which the defendant is charged.  Crim.R. 11 distinguishes between "[p]leas of guilty and no contest in felony cases" (Crim.R.11[C] ), "[m]isdemeanor cases involving serious offenses" (Crim.R.11[D] ), and "[m]isdemeanor cases involving petty offenses" (Crim.R.11[E] ).  The requirements placed upon a court take steady steps that culminate in Crim.R. 11(C).

{¶ 26}   In all cases, the judge must inform the defendant of the effect of his plea.  In felony cases and misdemeanor cases involving serious offenses, a judge must also "addres[s] the defendant personally" and "determin[e] that the defendant is making the plea voluntarily."

{¶ 27}   The same requirements placed upon a judge by Crim.R. 11(D) and (E) for defendants charged with committing serious and petty offenses, respectively, are also set forth in Crim.R. 11(C)(2) and (C)(2)(b) for felony defendants.  For felony defendants, and only felony defendants, Crim.R. 11(C)(2)(c) adds something extra and separate—the judge must *also* inform the defendant of all the rights attendant to the trial that he is foregoing.  Crim.R. 11(C)(2)(c) is not a definitional section defining what is meant by the Crim.R. 11(C)(2)(b) requirement that the judge explain the effect of the guilty or no contest plea.  It is a separate part of the statute spelling out additional requirements in felony cases that are not required in misdemeanor cases.  If Crim.R. 11(C)(2)(c) were merely

defining what it means to instruct a defendant as to the effect of his plea, similar language would have been included in Crim.R. 11(D) and (E). That language is missing in the rules because those protections are not required for misdemeanor defendants.

{¶ 28} In felony cases, the Ohio and United States Constitutions require that a defendant entering a guilty plea be "informed in a reasonable manner at the time of entering his guilty plea of his rights to a trial by jury and to confront his accusers, and his privilege against self-incrimination, and his right of compulsory process for obtaining witnesses on his behalf." *State v. Ballard* (1981), 66 Ohio St.2d 473, 478, 20 O.O.3d 397, 423 N.E.2d 115. Crim.R. 11(C) sets forth how a judge should explain those rights to a defendant. However, there are no such constitutionally mandated informational requirements for defendants charged with misdemeanors. The protections that the Criminal Rules provide to felony defendants should not be read into the Ohio Traffic Rules, which deal only with misdemeanor offenses. Accordingly, we find that where a defendant charged with a petty misdemeanor traffic offense pleads guilty or no contest, the trial court complies with Traf.R. 10(D) by informing the defendant of the information contained in Traf.R. 10(B).

Judgment affirmed.

MOYER, C.J., WHITMORE, F.E. SWEENEY, BOGGINS, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

BETH WHITMORE, J., of the Ninth Appellate District, sitting for RESNICK, J.

JOHN F. BOGGINS, J., of the Fifth Appellate District, sitting for COOK, J.

---

David J. Cusack, Fairborn City Assistant Prosecuting Attorney, for appellee.

Jeffrey D. Slyman, for appellant.

Chester, Willcox & Saxbe, L.L.P., Sarah Daggett Morrison and Charles R. Saxbe, urging affirmance for amicus curiae Association of Municipal/County Judges of Ohio, Inc.