OPINION
{¶ 1} Appellant Frank A. Ille appeals his conviction and sentence by the Cambridge Municipal Court on one count of operating a motor vehicle with a prohibited content of alcohol per his breath, in violation of R.C. § 4511.19 and one count of failing to drive in marked lanes, in violation of R.C. § 4511.13.
 {¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On January 15, 2002, the Zanesville State Highway Patrol Post received a report of Appellant's vehicle traveling west in the eastbound lanes of I-70. The same vehicle was then observed turning around and then continuing to drive all over the road. An officer from the New Concord Police Department caught up with the vehicle, followed behind it and stopped same. Sgt. Felix arrived at the scene and conducted field sobriety test of Appellant. Trooper Wyatt arrived on the scene and observed the field sobriety tests, which the Appellant performed poorly, almost falling down. Appellant was observed to be having a difficult time standing up and extreme difficulty walking. A strong odor of alcohol was also detected on or about Appellant's person. Appellant's eyes appeared watery and bloodshot. He appeared confused and his speech was slurred. Appellant was placed under arrest and transported to the Cambridge Post where he submitted to a chemical breath test. The test result was .264 BAC.
 {¶ 4} Appellant was charged with operating a motor vehicle with a prohibited content of alcohol per his breath, in violation of R.C. § 4511.19 and for failing to drive in marked lanes, in violation of R.C. § 4511.13.
 {¶ 5} On January 16, 2002, Appellant was arraigned before a Magistrate in the Cambridge Municipal Court.
 {¶ 6} At said arraignment, the Magistrate read a list of rights to all of the defendants in the courtroom for that day's docket. As each separate defendant's case was called, the Magistrate inquired of said defendant as to whether he understood his rights as read previously.
 {¶ 7} The Magistrate accepted Appellant's no contest plea and requested a statement of facts from the Ohio State Patrol Officer present at said hearing, one Sgt. Perkins.
 {¶ 8} Sgt. Perkins testified that he was working on the evening that Appellant was observed committing a marked lanes violation and stopped. He further testified that Appellant was transported to the Cambridge Post where he submitted to a breath test and tested over the legal limit. (T. at 9).
 {¶ 9} The Magistrate also reviewed the Form 2255 which indicated that Appellant submitted to a chemical test with a result of .264. (T. at 7).
 {¶ 10} Based on the foregoing, the Magistrate entered a finding of guilt on the charges and sentenced Appellant to 20 days of incarceration with 14 suspended, a 12 month period of probation and ordered him to attend a first-offender alcohol program within 180 days. Appellant was also ordered to pay a fine and costs.
 {¶ 11} Appellant paid his fine and costs but that he would need to make arrangements to return to Ohio to serve his six days of incarceration as he is an Oklahoma resident.
 {¶ 12} On January 24, 2002, Appellant filed a motion to withdraw his guilty plea.
 {¶ 13} On March 1, 2002, the trial court held a hearing on appellant's Motion to Withdraw his plea of no contest. Appellant was present at said hearing with counsel.
 {¶ 14} On June 22, 2002, the trial court denied Appellant's motion.
 {¶ 15} Appellant, through counsel, filed a notice of appeal on July 22, 2002.
 {¶ 16} The record was transmitted on August 27, 2002.
 {¶ 17} On November 21, 2002, this Court dismissed the appeal for failure to file a timely brief.
 {¶ 18} On February 21, 2003, Appellant's counsel filed a "Motion for enlargement of time to file application for reopening under Appellate Rule 26(B)."
 {¶ 19} On February 27, 2003, this Court denied said motion.
 {¶ 20} On March 7, 2003, new counsel for Appellant filed an Application to Reopen, pursuant to Appellate Rule 26(B). Said application was unopposed.
 {¶ 21} On March 17, 2003, this court granted new counsel's application.
 {¶ 22} Appellant, in the instant appeal, assigns the following error for review:
 ASSIGNMENTS OF ERROR {¶ 23} "I. The trial court erred when it entered judgment against appellant when the evidenec was insufficient to sustain a conviction.
 {¶ 24} "II. The trial court erred when it applied the "Manifest Injustice" standard to appellant's motion to withdraw no contest plea, in violation of Criminal Rule 32.1 and appellant's due process rights under the state and federal constitutions.
 {¶ 25} "III. Appellant's rights to due process under the 14th amendment to the United States constitution and under Article 1, Section 10 of the Ohio constitution were violated when he was made to sign a waiver of jury trial and a waiver of right to object to the magistrate's decision, when said waivers were not knowingly, intelligently or voluntarily made.
 {¶ 26} "IV. Appellant was denied his right to due process under the state and federal constitutions as the state of Ohio failed to follow essential procedures in procuring appellant's no contest plea."
 I. {¶ 27} In his first assignment of error, Appellant argues that his conviction was not supported by sufficient evidence. We disagree.
 {¶ 28} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991),61 Ohio St.3d 259.
 {¶ 29} It is based on this standard that we review appellant's first assignment of error.
 {¶ 30} As stated above, Sgt. Perkins testified at the arraignment/plea hearing that an officer from the Zanesville Post observed Appellant commit a marked lanes violation and that the same officer brought him to the Cambridge Post where he submitted to breath test and tested over the legal limit.
 {¶ 31} Additionally, as previously stated, the Magistrate also had the Form 2233 to review which indicated that the Appellant's breath alcohol concentration was .264, well over the legal limit.
 {¶ 32} Said testimony was uncontested. In fact, Appellant stated "Ah, my, my plea is correct. I don't dispute any ah, truth of the facts . . . Something as a general rule, I don't do. And ah, it's just a terrible mistake and pretty embarrassing." (T. at 9).
 {¶ 33} Viewing the evidence in a light most favorable to the prosecution, we find that any rational trier of fact could have found that appellant committed a marked lane violation and operated a motor vehicle with a prohibited breath alcohol content.
 {¶ 34} Appellant's first assignment of error is denied.
 II. {¶ 35} In his second assignment of error, Appellant argues that the trial court erred by applying the "manifest injustice" standard to his motion to withdraw his guilty plea. We disagree.
 {¶ 36} Crim. R. 32.1 governs withdrawal of a guilty plea and states "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Because appellant's request was made post-sentence, the standard by which the motion was to be considered was "to correct manifest injustice." The accused has the burden of showing a manifest injustice warranting the withdrawal of a guilty plea. State v.Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus). A reviewing court will not disturb a trial court's decision whether to grant a motion to withdraw a plea absent an abuse of discretion. State v. Xie (1992), 62 Ohio St.3d 521. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 37} As is stated above, appellant filed a motion to withdraw his guilty plea shortly after he was sentenced, arguing that his plea was not knowingly, intelligently and voluntarily made. Appellant, however, argues that his motion should not be considered a post-sentence motion because he has not yet served his jail time.
 {¶ 38} We find said argument to be unpersuasive. It is not at all unusual for sentences to be suspended pending appeal or for defendants to be given additional time get their affairs in order prior to serving their sentences. This does not change their date of sentencing. Appellant's sentence was imposed on January 16, 2002. His motion to withdraw his guilty plea was filed on January 24, 2002. His motion was therefore filed subsequent to his being sentenced. The trial court therefore did not err in applying the post-sentence standard as set forth in Crim. R. 32.1 and requiring a showing of manifest injustice.
 {¶ 39} Appellant alternatively argues that manifest injustice did exist in that Appellant was not properly advised of his rights pursuant to Crim. R.11.
 {¶ 40} When Appellant Ille entered his no contest plea, in addition to the rights read to the panel of defendants, the Magistrate made the following inquiries:
 {¶ 41} Court: Do you understand that if you enter a plea of "no contest" although you are not saying you are guilty, you, undoubtably, would be found guilty?
 {¶ 42} Appellant: Yes, sir.
 {¶ 43} Court: Do you understand that you are waiving your right to an attorney whether court-appointed or retained?
 {¶ 44} Appellant: Yes, sir.
 {¶ 45} Court: Do you understand that you are waiving your right to a trial, whether to a court or to a jury and all those rights that attach to your right to a trial?
 {¶ 46} Appellant: Yes, sir.
 {¶ 47} Court: Has anybody threatened you, promised you in any way to enter a plea of "no contest" to these charges?
 {¶ 48} Appellant: No, sir. (T. at 8-9).
 {¶ 49} We find such colloquy, in addition to the recitation of rights made to the group of defendants present in the courtroom that day, satisfied the Crim. R. 11 requirements.
 {¶ 50} Appellant's second assignment of error is denied.
 III. {¶ 51} In his third assignment of error, Appellant argues that he was denied his right to due process when he was made to sign a waiver of jury trial and a waiver of the right to object to the Magistrate's Decision. We disagree.
 {¶ 52} "Ohio law clearly requires recitation, to a defendant seeking self-representation, of the nature of the charge against him, the statutory offenses included within it, the range of allowable punishments thereunder, possible defenses to the charge and circumstances in mitigation thereof, and other facts essential to appellant's broad understanding of the matter."State v. Thompson, (Oct. 29, 2001), Stark App. No. 2000CA00283, unreported.
 {¶ 53} As stated above, in the case sub judice, the court engaged in a colloquy with appellant wherein appellant was informed of the exact nature of the charges against him, the possible penalties that he might face, and any possible defenses to the charges. (T. at 6-7). See State v. Doane (1990),69 Ohio App.3d 638, 647 and State v. Thompson, supra. The trial court also fully informed appellant of his right to counsel and his right to a jury trial. (T. at 4-5, 8). We further find no evidence that Appellant's waiver of his right to object to the magistrate's decision was anything other than voluntary.
 {¶ 54} Accordingly, since, based on the foregoing, appellant did knowingly, intelligently and voluntarily waive his right to a jury trial and his right to object to the Magistrate's decision, Appellant's third assignment of error is overruled.
 IV. {¶ 55} In his fourth assignment of error, Appellant argues that the trial court failed to follow essential procedures in procuring his no contest pleas, thereby denying him his right to due process. We disagree.
 {¶ 56} Appellant was found guilty of one minor misdemeanor and one first degree misdemeanor.
 {¶ 57} Under federal and Ohio Constitutions, defendant entering a guilty plea must be informed in a reasonable manner at the time of entering his guilty plea of his rights to a trial by jury and to confront his accusers, and his privilege against self-incrimination, and his right of compulsory process for obtaining witnesses on his behalf. U.S.C.A. Const. Amends. 5, 6; Const. Art. 1, § 5.
 {¶ 58} The Ohio Supreme Court has held that when a "defendant charged with petty misdemeanor traffic offense pleads guilty or no contest, by informing defendant of information contained in Traffic Rule provision setting forth effect of guilty or no contest plea, trial court complies with Traffic Rule provision governing plea of guilty or no contest in misdemeanor cases involving petty offenses; trial court need not engage in colloquy that is substantially equivalent to that required in felony cases." State v. Watkins, 99 Ohio St.3d 12, 2003-Ohio-2419.
 {¶ 59} Upon review, we find that the trial court complied with Watkins, supra, and informed Appellant of the effect of his plea of no contest.
 {¶ 60} Appellant's fourth assignment of error is overruled.
 {¶ 61} The decision of the Cambridge Municipal Court is affirmed.
Hoffman, P.J. and Wise, J., concur.