OPINION JUDGMENT ENTRY
{¶ 1} Defendant-appellant Randy Wilhelm appeals from his conviction and sentence in the Mount Vernon Municipal Court on one count of unlawful possession of rifle ammunition while hunting, in violation of R.C. 1531.02 and OAC 1501:31-15-11. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On December 13, 2002, appellant was arrested for interfering with a Wildlife Officer's lawful order. Subsequently, appellant was found to have rifle cartridges in his possession as well as a hand-held radio. Appellant was charged with interfering with a Wildlife Officer's order, in violation of R.C. 1533.67, unlawful possession of rifle ammunition while hunting during shotgun season, in violation of R.C. 1531.02 and unlawful possession of a hand-held radio, in violation of R.C. 1531.02 and OAC 1501:31-15-11-M.
 {¶ 3} On October 16, 2003, pursuant to a plea agreement, appellant entered a plea of guilty to one count of unlawful possession of rifle ammunition. In exchange, the State dismissed a charge of having a firearm while under disability (a felony) which was pending against appellant's brother, Bradley Wilhelm, and dismissed the charges of unlawful possession of a hand-held radio and interfering with a Wildlife Officer's order pending against appellant.
 {¶ 4} The trial court accepted appellant's plea. Appellant was sentenced to 30 days in jail, with 25 days suspended, and appellant's hunting license was suspended for two years.
 {¶ 5} It is from this conviction and sentence that appellant appeals, raising the following assignments of error:
 {¶ 6} "I. Where the court, prior to accepting a guilty plea in a case fails to inform the defendant of the statutory maxiumum penalties to which he may be se ntenced, such a plea is not knowingly, intelligently and voluntarily made, and the court has not informed the defendant of the effect of his plea as required by CR. R. 11(D) and (E), requiring reversal.
 {¶ 7} "II. Where, dung the entry of a guilty plea, it is obvious that a defendant did not know, at the time of the alleged offense, that he had rifle bullets in his hunting jacket, it is error for the court to accept such plea as such is not knowingly, intelligently, and voluntarily made."
 I {¶ 8} In the first assignment of error, appellant contends that the trial court erred when it accepted appellant's guilty plea without first informing appellant of the possible penalties appellant was facing, namely, that appellant was facing a possible jail sentence, the amount of the maximum fine that could be imposed or that appellant could lose his hunting license. We disagree.
 {¶ 9} The Ohio Supreme Court has held that changes of pleas in misdemeanor cases do not require the same amount of protection or colloquy as necessary in felony cases. State v. Watkins
(2003), 99 Ohio St.3d 12, 788 N.E.2d 635. Both Crim. R. 11(D) and (E) require that in a misdemeanor change of plea, a trial court "may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty." Criminal Rule 11(B) defines the effect of the pleas as follows:
{¶ 10} "Effect of guilty or no contest pleas.
 {¶ 11} "With reference to the offense or offenses to which the plea is entered:
 {¶ 12} "(1) The plea of guilty is a complete admission of the defendant's guilt.
 {¶ 13} "(2) The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding.
 {¶ 14} "(3) When a plea of guilty or no contest is accepted pursuant to this rule, the court, except as provided in divisions (C)(3) and (4) of this rule, shall proceed with sentencing under Crim. R. 32." Crim. R. Rule 11(B).
 {¶ 15} In State v. Songer (May 30, 2002), Richland App. No. 01CA82, this court considered whether Crim R. 11 required a trial court to advise a defendant charged with a misdemeanor of the potential penalties involved. This Court held that Crim. R. 11 did not require a trial court to tell a defendant charged with a misdemeanor of the potential penalties prior to the defendant entering a plea. Accordingly, the trial court in this misdemeanor case was not required to inform appellant of the potential penalties before accepting appellant's plea to a misdemeanor.
 {¶ 16} Appellant's first assignment of error is overruled.
 II {¶ 17} In the second assignment of error, appellant argues that the trial court should not have accepted appellant's change of plea to guilty because appellant, in essence, asserted that he was innocent when appellant's counsel stated that appellant did not know that he had the rifle bullets in his pocket. We disagree.
 {¶ 18} The trial court gave appellant and his counsel an opportunity to address the trial court prior to sentencing. Appellant's counsel made the following statement, in pertinent part:
 {¶ 19} ". . . The ammunition was in his possession only because it was left over from where he was coyote hunting. They live out in the country. There's coyotes out there, and he had shot a coyote. In fact, the coyote was being mounted at the time, that's by a taxidermist, at the time this offense occurred, with respect to his possession of these cartridges. So it is a reasonable, understandable mistake that he had the rifle shells on his person, and reasonable and understandable and in mitigation is the fact that there was no rifle in his possession or any of the other hunters, only shotguns. So unless somebody were to say that he was going to throw those bullets at a deer, there was no way they could be discharged by any of the firearms that were in the possession of the other hunters, and possession of the Defendant. It is a violation, nevertheless, that he is acknowledging to this Court that he possessed those shells, and he's admitting that. And what can be said other than asking the jury for jury nullification, there's nothing that could be said. . . . So in this case, Judge, I would just ask you to consider the fact that he has been a responsible hunter in the past. He has not been engaged in any hunting weapons violations in the past; he has not been convicted of anything in the past, and it was a mistake that did not really threaten conservation at the time. It was a technical violation because a lapse of memory that he had these bullets, cartridges if you will, in his possession. I don't think I can say anymore on his behalf." Transcript, pg. 5.
 {¶ 20} A review of what appellant's counsel stated does not constitute a claim that appellant was innocent. Admittedly, counsel did imply that appellant's possession of the rifle bullets was a mistake. However, appellant's counsel went on to state that appellant admitted and conceded that this mistaken possession constituted the crime of unlawful possession of rifle ammunition. As such, we find that appellant's counsel did not proclaim that appellant was innocent. Thus, we find that appellant's argument is without merit.
 {¶ 21} Appellant's second assignment of error is overruled.
 {¶ 22} The judgment of the Mount Vernon Municipal Court is affirmed.
Edwards, J., Gwin, P.J. and Boggins, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Mount Vernon Municipal Court is affirmed Costs assessed to appellant.