{¶ 12} I concur with the judgment and analysis of the majority. I write separately to clarify plea requirements applied to misdemeanor offenses.
 {¶ 13} The plea transcript covering the two cases that are the subject of this appeal stretches for nearly eighty pages. Within the minutia of detail, the colloquy outlines that both offenses are "petty" misdemeanors of the first degree punishable by a maximum term of imprisonment of six months on each charge. They are not serious offenses as defined in Crim.R. 2 or as discussed in Crim.R. 11(D).
 {¶ 14} The Supreme Court of Ohio has recognized "[a] judge's duty to a defendant before accepting his guilty or no contest plea is graduated according to the seriousness of the crime with which the defendant is charged. State v. Watkins, (2003), 99 Ohio St.3d 12, 16. The court explained:
"The same requirements placed upon a judge by Crim.R. 11(D) and (E) fordefendants charged with committing serious and petty offenses,respectively, are also set forth in Crim.R. 11(C)(2) and (C)(2)(b) forfelony defendants. For felony defendants, and only felony defendants,Crim.R. 11(C)(2)(c) adds something extra and separate — the judge mustalso inform the defendant of all the rights attendant to the trial thathe is foregoing. Crim.R. 11(C)(2)(c) is not a definitional sectiondefining what is meant by the Crim.R. 11(C)(2)(b) requirement that thejudge explain the effect of the guilty or no contest plea. It is aseparate part of the statute spelling out additional requirements infelony cases that are not required in misdemeanor cases. If Crim.R.11(C)(2)(c) were merely defining what it means to instruct a defendant asto the effect of his plea, similar language would have been included inCrim.R. 11(D) and (E). That language is missing in the rules becausethose protections are not required for misdemeanor defendants.
 "In felony cases, the Ohio and United States Constitutions require thata defendant entering a guilty plea be `informed in a reasonable manner atthe time of entering his guilty plea of his rights to a trial by jury andto confront his accusers, and his privilege against self-incrimination,and his right of compulsory process for obtaining witnesses on hisbehalf.' State v. Ballard (1981), 66 Ohio St.2d 473, 478, 20 O.O.3d 397,423 N.E.2d 115. Crim.R. 11(c) sets forth how a judge should explain thoserights to a defendant. However, there are no such constitutionallymandated informational requirements for defendants charged withmisdemeanors."
 {¶ 15} In this case, I believe the trial court complied with Crim.R. 11(E). I also agree that even if this case had involved a more serious offense to which greater requirements applied, the failure to inform a defendant of the right to have the state prove guilt beyond a reasonable doubt is not fatal where the court has substantially complied with the provisions of Crim.R. 11 since this right is not a constitutional right. See State v. Moore (Jan. 20, 2000), Cuyahoga App. No. 75652.