OPINION {¶ 1} Defendant-appellant William Neff appeals from his conviction and sentence for DUI, operating a vehicle with prohibited concentration of alcohol in the body, driving outside the marked lanes, and driving without wearing seatbelt. On July 6, 2005, Neff entered a plea of guilty to said offenses after waiving his right to counsel. On July 21, 2005, through his newly retained counsel, [D1] Neff filed a motion to vacate the guilty pleas. In the written motion, Neff asked for an oral hearing, so that he could testify and explain to the Court his lack of understanding of the consequences of entering a guilty plea. In addition, Neff wanted to state reasons why he would like to withdraw his pleas. The trial judge refused the request for a hearing, and on September 26, 2005, sentenced him to 180 days jail term. However, the trial court suspended all but three of those days and credited Neff for attending a three day alcohol program. Neff was placed on probation for one year, and was required to pay a $350 fine, plus court costs. Additionally the trial court suspended Neff's driver's license for two years. Neff filed a timely notice of appeal on October 14, 2005.
 {¶ 2} Neff's first assignment of error is as follows:
 {¶ 3} "THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION BY DENYING APPELLANT'S PETITION TO VACATE THE GUILTY PLEAS."
 {¶ 4} In his first assignment, Neff contends that the trial court erred by failing to sustain the motion to vacate the plea. He states that pre-sentence plea withdrawal requests should be "freely and liberally granted," State v. Xie (1992), 62 Ohio St.3d 521, 527,584 N.E. 2d 715, and that a failure to grant a plea withdrawal must be judged on an abuse of discretion standard. In his brief, Neff relies on the factors set out in Peterseim, which include the following: 1) Was the defendant represented by counsel? 2) Was he given a full and fair hearing before entering his plea? 3) Was the defendant given a complete and impartial hearing after the motion to withdraw was filed? 4) Does the trial record show that full and fair consideration to the plea's withdrawal request was given by the court? State v. Peterseim (1980),68 Ohio App.2d 211, 214, 428 N.E.2d 863. Neff contends that all the factors in Peterseim weigh in his favor; because he was not represented by counsel at the plea hearing, he was not fully advised of the rights he was waiving, and he was denied a full and fair hearing on the motion to withdraw his pleas. We agree.
 {¶ 5} Crim.R. 11(E) and Traf.R. 10(D) required the court to inform Neff of the effect of his guilty pleas before accepting them. The effects to which Crim.R. 11(E) and Traf.R. 10(D) refer are simply those which are identified in Traf.R. 10(B). State v. Watkins,99 Ohio St.3d 12, 2003-Ohio-2419. With respect to guilty pleas, the rule provides, at subparagraph (1), that the effect of "[t]he plea of guilty is a complete admission of the defendant's guilt." The trial court was required to advise Neff of this fact, yet failed to do so. The court merely asked Neff, "Do you understand if you plead Guilty, I will find you Guilty?" (July 6, 2005, Transcript of Plea, pg. 3). Clearly, the trial court failed to inform Neff that his pleas were "complete admissions" as required by Traf.R. 10(B). We note also that Neff proceeded without counsel and was not informed of a mandatory license suspension. Neff's motion to withdraw his pleas should have been granted.
 {¶ 6} Neff's first assignment of error is sustained.
 {¶ 7} Based upon the foregoing, Neff's conviction and sentence entered on his guilty pleas is reversed and the case is remanded for further proceedings consistent with this opinion.
WOLFF, J., concurs.