OPINION
{¶ 1} Defendant-Appellant, Samuel Dzodzomenyo, appeals a judgment of the Kettering Municipal Court overruling a motion to withdraw his plea of guilty to the charge of DUI. Dzodzomenyo asserts that the trial court improperly denied his motion to withdraw the plea because of Dzodzomenyo's inability to comprehend the English language and because there is no record of the trial court's compliance with Crim. R. 11, which violate his due process and equal protection rights under the Constitution. Finding that the record does not support Dzodzomenyo's allegations, we affirm the trial court's denial of the motion.
 {¶ 2} On March 12, 1999, Dzodzomenyo was arrested by the Kettering Police Department and charged with Driving Under the Influence of Alcohol and Resisting Arrest. On September 20, 1999, after the trial court overruled a motion to suppress, Dzodzomenyo, being represented by retained counsel, entered a negotiated plea of guilty to the DUI charge, and he was immediately sentenced.
 {¶ 3} Thereafter, more than two years later, on October 31, 2001, Dzodzomenyo filed a motion to withdraw his plea. The basis for the motion was that he did not understand, and was not advised by the Court, of the ramifications of his plea, and that he has suffered serious consequences at his work as a result of his conviction. At the hearing on his motion, Dzodzomenyo testified that his attorney never advised him that he had a right to proceed to trial, and instead, coerced him into entering the negotiated plea.
 {¶ 4} The trial court overruled the motion to withdraw the plea on August 22, 2003, and it is from that judgment that the defendant now appeals, setting forth a single assignment of error for our review.
 ASSIGNMENT OF ERROR {¶ 5} "The trial court committed prejudicial error in not setting aside the defendant's guilty plea where the defendant's knowledge and comprehension of the English language its nuances (sic) is very limited, the defendant being from Ghana, West Africa, and the defendant failing to obtain his certification by the State of Ohio as a psychologist because of his lack of fluency, comprehension and understanding of the English language and there being no rule 11 record to show the defendant's understanding of the proceeding, all in violation of defendant's rights under the due process clause and the equal protection clause of the United States and Ohio Constitutions."
 {¶ 6} This Court reviews a motion to withdraw a guilty plea under the abuse of discretion standard. State v. Xie (1992), 62 Ohio St.3d 521,526. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med.Bd., 66 Ohio St.3d
 {¶ 7} 619, 621, 1993-Ohio-122. Unless it is established that the trial court acted unjustly or unfairly, an appellate court cannot find that an abuse of discretion occurred. Xie, 62 Ohio St.3d at 526, quotingBarker v. United States (C.A.10, 1978), 579 F.2d 1219, 1223.
 {¶ 8} A motion to withdraw a guilty plea is governed by Crim.R. 32.1, which provides:
 {¶ 9} "A motion to withdraw a plea of guilty . . . may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 10} Since Dzodzomenyo filed the motion to withdraw his guilty plea over two years after the imposition of his sentence, the trial court could only grant his motion to withdraw his plea if it found a manifest injustice.
 {¶ 11} The Supreme Court of Ohio has stated that the requirement in Crim.R. 32.1 that there be a manifest injustice before a court can allow a withdrawal of a guilty plea limits the availability of withdrawals to "extraordinary cases." State v. Smith (1977), 49 Ohio St.2d 261. The burden of demonstrating a "manifest injustice" rests with the defendant, and the decision whether to grant a motion to withdraw a guilty plea rests within the sound discretion of the trial court. Id. Accordingly, this court will not reverse a trial court's denial
 {¶ 12} of a motion to withdraw a plea of guilty absent an abuse of discretion on the part of the trial court.
 {¶ 13} In the instant case, Dzodzomenyo argues that the trial court erred in denying his motion to withdraw his guilty plea because he has a limited understanding of the English language, which caused him to not understand the proceedings.
 {¶ 14} However, because Dzodzomenyo testified at the motion hearing, the trial court was in the best position to determine whether he was sufficiently proficient in the language to understand the proceedings. In fact, the court stated in the hearing, upon overruling an objection by the state:
 {¶ 15} "COURT: Court has certainly been listening to the Defendant testify at this point and time (sic) the Court's also aware this is a medical doctor who has been in this country since 1989, (sic) these proceedings that we're discussing at this point took place in 1999 approximately ten (10) years after his arrival in the US. I'll give the appropriate amount of weight to that statement [that he had language problems.] Continue."
 {¶ 16} Therefore, we find that the trial court properly considered the evidence before it and that the record fails to demonstrate that this was an extraordinary case that results in a manifest injustice, nor that there was any perversity of will, passion, prejudice, partiality, or moral delinquency by the court in making the determinations. Therefore, there has been no abuse of discretion.
 {¶ 17} Dzodzomenyo also argues that the trial court failed to comply with the requirements of Crim.R. 11 in the plea stage of these proceedings. We find this argument not well taken for two reasons.
 {¶ 18} First, the trial court properly found that Crim.R. 11 does not apply to traffic cases. See: State v. Watkins, 99 Ohio St.3d 12,2003-Ohio-2419. The applicable rule in this instance is Traf.R. 10(D), which provides that the court "shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty." The effects of these pleas are outlined in Traf.R. 10(B). Since Dzodzomenyo's entire argument rests on the claim that he did not understand the constitutional rights relating to the presumption of innocence and reasonable doubt, and because these matters are not within the mandatory notices required by Traf.R. 10(D), we find this proposition to be not well taken.
 {¶ 19} Second, Dzodzomenyo has failed to provide this court with a transcript of the change of plea proceedings, and argues that because the trial court destroyed the tape recording of these proceedings, as a matter of course, prior to his motion to withdraw the plea, that this court should presume a lack of regularity in the proceedings. However, it is the obligation of the appellant to portray errors occurring in the trial court. App.R. 9(B), 10(A). And, in the case of the unavailability of a transcript, the appellant may file a statement of the evidence in lieu thereof. App.R. 9(C),(D). When the record fails to portray the errors assigned, we must presume the regularity of the proceedings below, and we must, therefore, reject this argument. State v.Bernhard, Greene App. No. 2004-CA-66, 2005-Ohio-1052; State v.Jones, Montgomery App. No. 20862, 2006-Ohio-2640.
 {¶ 20} For the foregoing reasons, the judgment of the Kettering Municipal Court is hereby affirmed.
WOLFF, J., and DONOVAN, J., concur.
(Hon. Sumner E. Walters, retired from the Third Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).