OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Robert J. Cobb, filed December 29, 2006. On November 4, 2006, Cobb was charged with theft, in violation of R.C. 2913.02, and possessing criminal tools, in violation of R.C. 2923.24. Cobb had removed a camera from a Target store in Beavercreek, Ohio. On November 6, 2006, Cobb pled not guilty *Page 2 
to the charges in the Municipal Court of Fairborn, Ohio. Cobb was released from jail due to overcrowding, and he subsequently failed to appear for a hearing scheduled for November 7, 2006. On November 20, 2006, Cobb was again charged with theft and possessing criminal tools, after he removed an MP3 player from a Meij er store in Beavercreek, Ohio. Cobb pled not guilty to the later charges, again in Fairborn.
 {¶ 2} On December 21, 2006, Cobb changed his pleas in both cases. Cobb pled guilty to both of the theft offenses, and the possessing criminal tools charges were dismissed.
 {¶ 3} Cobb asserts one assignment of error as follows:
 {¶ 4} "THE TRIAL COURT ERRED IN NOT EXPLAINING TO THE APPELLANT THE EFFECT OF ENTERING A GUILTY PLEA, CONTRARY TO CRIM.R. 11(E)."
 {¶ 5} Crim.R. 11(E) provides, "In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty." "The plea of guilty is a complete admission of the defendant's guilt." Crim. R. 11(B)(1).
 {¶ 6} "Failure to substantially comply with Crim. R. 11(E) by explaining the effect of a [guilty] plea before the court accepts that plea constitutes reversible error. (Internal citation omitted). In misdemeanor cases involving petty offenses, when a trial court accepts a defendant's plea of guilt or no contest, the court complies with that particular aspect of CrimR. 11(E) by informing the defendant of the effect of his pleading guilty or no contest as stated in CrimR.11(B)."State v. Lanton, Greene App. No. 02-CA-124, 2003-Ohio-4715, ¶ 23, (citing State v. Watkins, 99 Ohio St.3d 12, 2003-Ohio-2419).
 {¶ 7} The State concedes that the municipal court failed to comply with Crim.R. 11(E). *Page 3 
The State argues, however, without authority, that the error was harmless, because counsel for Cobb acknowledged that her client admitted his wrongdoing. Finally, the State argues that, in the interests of judicial economy, we should find the municipal's court's error harmless.
 {¶ 8} The following exchange occurred at plea and disposition:
 {¶ 9} "THE COURT: Okay. It's my understanding Mr. Cobb is going to change his plea today to two separate Theft offenses. And if he pleads to each of the two Thefts, which each carry up to six months in jail and $1,000 fine, then on each one, the Tools would be dismissed at costs. With that, what are the pleas to the two Thefts?
 {¶ 10} "MS. MILLER: Guilty, your honor.
 {¶ 11} "THE COURT: Are you pleading guilty to both of those, Mr. Cobb?
 {¶ 12} "THE DEFENDANT: Yes, ma'am.
 {¶ 13} "THE COURT: I accept the guilty pleas. I make findings of guilty. I'm dismissing the Tools in each one. What would you like me to know about Mr. Cobb?
 {¶ 14} "MS. MILLER: Just that, you know, Mr. Cobb admits he took these items, that he was wrong. * * *"
 {¶ 15} In failing to comply with Crim.R.11(E) by informing Cobb of the effect of his guilty pleas, the municipal court committed reversible error. The State's argument that Cobb's counsel's statement regarding Cobb's culpability somehow cures the error is inapposite because it is Cobb's understanding of the effect of his plea, not his counsel's understanding, that the trial court must determine. Finally, Cobb's essential right, as set forth in CrimR.11(E), to be informed by the court of the effect of his pleas, cannot be sacrificed in the interests of judicial economy. Judgment reversed and plea vacated. Remanded for further proceedings consistent *Page 4 
with this opinion.
 BROGAN, J. and FAIN, J., concur. *Page 1