[Cite as *State v. Morrison*, 2013-Ohio-5375.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### SENECA COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,             CASE NO. 13-13-20

    v.

JEFFREY D. MORRISON, JR.,         O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Tiffin Municipal Court
Trial Court No. 13 CRB 305

Judgment Affirmed

Date of Decision: December 9, 2013

APPEARANCES:

    *Charles R. Hall, Jr.* for Appellant

    *Drew E. Wood* for Appellee

Case No. 13-13-20

**ROGERS, J.**

{¶1} Defendant-Appellant, Jeffrey Morrison, Jr., appeals the judgment of the Tiffin Municipal Court finding him guilty of obstructing official business and sentencing him to 90 days in jail. On appeal, Morrison argues that the trial court erred by accepting his guilty plea when it was not knowingly, voluntarily, and intelligently made. For the reasons that follow, we affirm the trial court's judgment.

{¶2} On May 9, 2013, a complaint was filed in the Tiffin Municipal Court, alleging that Morrison engaged in obstruction of official business in violation of R.C. 2921.31(A), a misdemeanor of the second degree. On May 10, 2013, Morrison appeared at his arraignment hearing where Morrison waived his right to counsel and pleaded no contest to one count of obstruction of official business.[1] The trial court found Morrison guilty and sentenced him to 90 days in jail.

{¶3} Morrison filed this timely appeal, presenting the following assignment of error for review.

*Assignment of Error*

**THE TRIAL COURT ERRED WHEN IT ACCEPTED APPELLANT'S GUILTY[2] [sic] PLEA WHERE THE TRIAL COURT DID NOT PROPERLY ADVISE APPELLANT OF HIS RIGHTS RESULTING IN THE PLEA NOT BEING**

---

[1] Morrison was also charged with a probation violation at the arraignment. Morrison similarly waived his right to an attorney, admitted the probation violation, and was sentenced to 28 days in jail to run consecutively with the obstruction of official business conviction.

[2] Morrison did not enter a guilty plea to the obstruction of official business charge. He pleaded no contest.

-2-

**KNOWINGLY, VOLUNTARILY AND INTELLIGENTLY MADE.**

**{¶4}** In his sole assignment of error, Morrison argues that the trial court erred when it accepted his no contest plea because it did not properly advise him of his rights, which resulted in the plea not being knowing, voluntary, and intelligent. We disagree.

**{¶5}** Morrison argues that the trial court should not have accepted his plea because: (1) he was not advised of the dangers of proceeding without an attorney; (2) he thought he was being charged with two counts of obstruction; and (3) he had a subjective belief that he would be released from jail by pleading no contest.

**{¶6}** "A judge's duty to a defendant before accepting his guilty or no contest plea is graduated according to the seriousness of the crime with which the defendant is charged." *State v. Watkins*, 99 Ohio St.3d 12, 2003-Ohio-2419, ¶ 25. Crim. R. 11(C) is a separate part of the statute which mandates additional requirements in felony cases that are not applicable in misdemeanor cases. *Id*. at ¶ 27. "If Crim.R. 11(C)(2)(c) were merely defining what it means to instruct a defendant as to the effect of his plea, similar language would have been included in Crim.R. 11(D) and (E). That language is missing in the rules because those protections are not required for misdemeanor defendants." *Id*. Based on this well-settled authority, this matter does not implicate Crim.R. 11(C), as suggested by Morrison.

{¶7} Rather, since Morrison was charged with a petty offense, Crim.R. 11(E) applies, which states that a trial court shall not accept a plea "without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty. The counsel provisions of Crim.R. 44(B) and (C) apply to division (E) of this rule." Under Crim.R. 44(B), a defendant may not be sentenced "unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel." Further, "[w]aiver of counsel shall be in open court and the advice of waiver shall be recorded as provided in Rule 22." Crim.R. 44(C).

{¶8} When considering a trial court's application of Crim.R. 11(E), we assess whether the trial court substantially complied with the rule's dictates. While "[l]iteral compliance with Crim.R. 11 is certainly the preferred practice" a reviewing court is not required to vacate the defendant's plea as long as there was substantial compliance with Crim.R. 11. *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). *Accord City of Columbus v. Simmons*, 10th Dist. Franklin No. 99AP-310, 1 (Dec. 28, 1999) ("Because the charge is a petty offense as that term is defined in Crim.R. 2(D), the trial court must substantially comply with the provisions of Crim.R. 11(E) before accepting defendant's guilty plea."). "Substantial compliance means that under the totality of the circumstances, the defendant

subjectively understands the implication of his plea and the rights he is waiving."

*Nero* at 108.

{¶9} Here, Morrison and the trial court had the following relevant exchange:

> Trial Court:   Do you understand what you have been charged with? What the potential penalties might be?
>
> Morrison:      Yes, Your Honor.
>
> Trial Court:  Let's talk a little bit about your rights as well, Mr. Morrison. * * * You still have the right to remain silent. You still have the right to be represented by an attorney. You still have the right to court appointed counsel, if you're indigent or can't afford your own. You still have the right to have a reasonable bail or bond established to secure your appearance back in court and secure the safety of the community.
>
> You also have the right to have a trial in this case. Because we have the potential for you going to jail, you would have [the] right to have a trial by jury. Keep in mind that you must make a written demand for jury trial at least 10 days before the case is set for trial or that right will in fact be waived.
>
> In any event, you always have the right to have a trial before the court. And at that trial you have the right to confront or cross-examine any witnesses called on behalf of the State. You have the right to compel a witness to testify on your behalf by issuing a subpoena to that witness.
>
> And, of course, at trial you have the right to remain silent. You cannot be compelled to testify against your own interest. And, if you do chose to testify you would be waiving or giving up that right as well.
>
> Mr. Morris[on], if you wanna talk to any attorney about this we'll give you that chance. If you want to enter a plea you can enter a plea of either guilty not guilty or no contest – a guilty plea –
>
> Morrison:      (Inaudible).

Trial Court:   Oh. Go ahead.

Morrison:     I'm sorry.  (Inaudible.)   I just want to enter a plea today and get all my time over with.  I just want to get out of trouble and, you know try to get back on the right track, so.

Trial Court:   Well, let's talk with [sic] your plea options.  A guilty plea is a complete admission of guilt, and if you plead guilty you will be found to be guilty and will be sentenced immediately for the offense.

A not guilty plea is the same thing as saying that the allegations are not true or that the law applying those allegations would make you not guilty.  If you plead not guilty the case would be continued to either for [sic] trial or pretrial at your request.

A no contest plea is not an admission or denial of the allegations in the complaint, but if you plead no contest you're agreeing that the facts contained in the officer's report are true.[3]   And if each and every element of that offense are supported by facts, the Court would find you to be guilty.  If there's any one element of the offense that is not supported by facts in the report, we'd have to find you not guilty of that offense.

So knowing that, Mr. Morrison, would you like to talk to an attorney? Do you want to have an attorney represent you in this case?

Morrison:     Can you repeat that?  You lagged out.

Trial Court:   Would you like to be represented by an attorney in this case?

Morrison:     Uhm, no, sir.  I just want to get everything done with.

* * *

---

[3] Entering a no contest plea does not mean that a defendant agrees with the facts contained in a police report.  Crim.R. 11(B)(2) states that a plea of no contest "is an admission of the truth of the facts alleged in the *indictment, information, or complaint* * * *."  (Emphasis added.)   Here, the State read a probable cause statement that was found in the *complaint*, not an officer's report.  (Docket No. 1, p. 1).  Thus, any confusion the trial court may have had on this issue was harmless.

> Trial Court: Do you understand all the rights you're giving up by entering a no contest plea?
>
> Morrison: Yes, sir.
>
> Trial Court: I'm gonna accept your no contest plea. I'll find (inaudible) voluntarily and knowingly entered.

Arraignment Tr., at p. 3-6.

{¶10} Here, Morrison was properly advised of the effect of the pleas of guilty, no contest, and not guilty. He was made aware of certain rights he would waive by entering a no contest plea. Further, the trial court mentioned three separate times during the arraignment proceeding that Morrison was entitled to an attorney. Arraignment Tr., p. 3-5. However, Morrison repeatedly stated that he did not want an attorney and wanted to enter a plea. We therefore find that the trial court substantially complied with Crim.R. 11(E) and that Morrison knowingly, voluntarily, and intelligently entered a no contest plea and waived his right to counsel.

{¶11} Morrison's claim that he thought he was being charged with two obstruction counts fails to demonstrate that he did not knowingly, voluntarily, and intelligently waive his right to counsel. Morrison was arraigned for two separate cases - one involving an obstruction charge, and the other in regard to a probation violation. After the trial court explained he was only being charged with one count of obstruction, Morrison affirmatively stated that he wanted to enter a no

contest plea. There is no indication that he was unaware of what was happening or that he was confused as to his charges.

{¶12} As to Morrison's argument that he believed he was going to be released from jail if he pleaded no contest, we find nothing in the record to support it. In fact, we find the opposite to be true. Morrison recognized he was going to serve jail time by pleading no contest, and this was exactly what he wanted. This is demonstrated by the following exchanges:

> Morrison:    I'm sorry. (Inaudible.) I just wanted to enter a plea today and *get all my time over with*. I just want to get out of trouble, and you know, try to get back on the right track, so.
>
> * * *
>
> Morrison:    I mean, I just want to get all my time done and that way I can get back out there and get a job, you know. * * * That way I don't got [sic] to worry about reporting anymore, you know.
>
> * * *
>
> Trial Court:  Now, do you have any questions at all, Mr. Morrison, about any of that?
>
> Morrison:    No, sir. So I'm doing 118 days then?
>
> Trial Court:  Your math is very good. Actually, its 117 with one day credit for time served, but yea, that's what it is.
>
> Morrison:    So – All right. That's all I need to know, Your Honor.

(Emphasis added.) *Id*. at p. 4, 14-16.

{¶13} Thus, it appears that Morrison wanted to "get all [his] time over with" instead of continuing to violate his probation conditions. *Id*. at p. 4. Morrison acknowledged his inability to abide by his probation requirements by reporting to his probation officer and refraining from using drugs. Further, at the end of the hearing, Morrison correctly acknowledged his sentence. He never voiced any concern or surprise that he was going to be serving jail time. As such, we find that there is nothing in the record that supports Morrison's claim that he believed he would be released upon entering a no contest plea.

{¶14} Accordingly, we overrule Morrison's sole assignment of error.

{¶15} Having found no error in the particulars assigned and argued, we affirm the trial court's judgment.

*Judgment Affirmed*

**PRESTON, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**