[Cite as *State v. Grove*, 2018-Ohio-5114.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO, CITY OF YOUNGSTOWN,

Plaintiff-Appellee,

v.

JOHN E. GROVE JR.,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 17 MA 0075**

---

Criminal Appeal from the
Youngstown Municipal Court of Mahoning County, Ohio
Case No. 16 TRC 3656

**BEFORE:**
Gene Donofrio, Carol Ann Robb, Kathleen Bartlett, Judges.

---

**JUDGMENT:**
Reversed and Remanded

---

*Atty. Dana Lantz*, City Prosecutor and *Atty. Jeffrey Moliterno,* Assistant Prosecutor, 26 South Phelps Street, Fourth Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee, and

*Atty. Rhys Cartwright-Jones,* 42 North Phelps Street, Youngstown, Ohio 44503 and *Atty. Jennifer Ciccone*, 758 North 15th Street, Sebring, Ohio 44672, for Defendant-Appellant.

Dated:
December 13, 2018

**Donofrio, J.**

{¶1}   Defendant-appellant, John Grove Jr., appeals from a Youngstown Municipal Court judgment convicting him of operating a vehicle while intoxicated (OVI) following his guilty plea.

{¶2}   On November 19, 2016, a patrol officer cited appellant for OVI, a first-degree misdemeanor in violation of R.C. 4511.19(A)(1)(a), and driving left of center, a minor misdemeanor in violation of R.C. 4511.29.

{¶3}   Appellant initially entered a not guilty plea.  But he later entered into a Crim.R. 11 plea agreement with plaintiff-appellee, the State of Ohio, withdrew his not guilty plea, and pleaded guilty to OVI.  The state dismissed the driving left of center charge.  The trial court accepted appellant's guilty plea and entered a finding of guilt. The court sentenced him to 30 days in jail, fined him $1,000, and placed him on ten months of intensive probation and a two-year license suspension.

{¶4}   Appellant filed a timely notice of appeal on April 20, 2017.  He now raises two assignments of error.

{¶5}   Appellant's first assignment of error states:

THE PLEA IS INVALID BECAUSE THE TRIAL COURT DID NOT INFORM GROVE OF HIS TRAF.R. 10 RIGHTS.

{¶6}   Appellant argues the trial court failed to comply with Traf.R. 10. Specifically, appellant contends that the trial court did not tell him the effect of his plea.

{¶7}   When a defendant pleads guilty or no contest to a petty misdemeanor traffic offense, the trial court complies with Traf.R. 10(D) by informing the defendant of the information contained in Traf.R. 10(B).  *State v. Watkins*, 99 Ohio St.3d 12, 2003-Ohio-2419, 788 N.E.2d 635, syllabus.  A "petty offense" is "an offense for which the penalty prescribed by law includes confinement for six months or less."  Traf.R. 2(D).

{¶8}   Appellant pleaded guilty to OVI, a first-degree misdemeanor.  A first-degree misdemeanor is punishable by up to 180 days in jail.  R.C. 2929.24(A)(1). Therefore, appellant's OVI was a petty offense.

Case No. 17 MA 0075

{¶9} Pursuant to Traf.R. 10(D), "[i]n misdemeanor cases involving petty offenses, except those processed in a traffic violations bureau, the court may refuse to accept a plea of guilty or no contest and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty."

{¶10} In this case, appellant entered a guilty plea. Thus, the trial court was required to inform him of the effect of his guilty plea. Traf.R. 10(B)(1) sets out the effect of a guilty plea: "The plea of guilty is a complete admission of the defendant's guilt." Thus, before accepting appellant's plea, the trial court was required to inform him that his guilty plea was a complete admission of his guilt. The court failed to do so.

{¶11} Before accepting appellant's plea, the court informed him of the potential penalty he faced. (Tr. 2-3). The court also informed appellant that by pleading guilty, he was giving up his right to a trial. (Tr. 3). But the court never mentioned the effect of the guilty plea. The court failed to inform appellant that a guilty plea was a complete admission of his guilt.

{¶12} Likewise, the written plea agreement does not inform appellant of the effect of his guilty plea. The written plea agreement informs appellant of such things as the constitutional rights he waives by pleading guilty and the punishment he faces. But it fails to inform appellant that a guilty plea is a complete admission of his guilt.

{¶13} Because the trial court failed to inform appellant of the effect of his guilty plea, it did not comply with Traf.R. 10(D).

{¶14} Accordingly, appellant's first assignment of error has merit and is sustained.

{¶15} Appellant's second assignment of error states:

IN THE ALTERNATIVE, THE PLEA IS INVALID BECAUSE THE TRIAL COURT DID NOT ADVISE GROVE OF HIS CRIM.R. 11 RIGHTS.

{¶16} Given our resolution of appellant's first assignment of error, his second assignment of error is now moot.

{¶17} For the reasons stated above, the trial court's judgment is hereby reversed. Appellant's plea is vacated and this matter is remanded for further proceedings pursuant to law and consistent with this opinion.

Robb, P. J., concurs.

Bartlett, K., concurs.

———————————————

For the reasons stated in the Opinion rendered herein, the first assignment of error is sustained. The second assignment of error is now moot. It is the final judgment and order of this Court that the judgment of the Youngstown Municipal Court of Mahoning County, Ohio, is reversed. Appellant's plea is vacated and we hereby remand this matter to the trial court for further proceedings according to law and consistent with this Court's Opinion. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**