OPINION
{¶ 1} The defendant-appellant, Clinton L. Brackens ("Brackens"), appeals the October 31, 2005, Judgments entered in the Tiffin Municipal Court, Seneca County, Ohio regarding Case Nos. TRD 0503506A, TRD 0503506B, and TRD 0503506C.
 {¶ 2} Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.
 {¶ 3} On October 30, 2005, Brackens was charged with three counts of driving under suspension in violation of R.C.4510.16(A), 4510.11(A), and 4510.21(A), each being a misdemeanor in the first degree. On October 31, 2005 at his arraignment, he plead guilty to all three charges. The trial judge addressed the defendants in the court as a whole by stating that this was their arraignment and explained the procedures to the arraignment. Then he addressed the available plea options and the rights one has under these options. The trial court then advised Brackens as follows:
The Court: Mr. Brackens, this is case number 5-TRD-3506 Athrough C. These are complaints filed by Officer Vallery. Itstates that you, Clinton Brackens, on October 30th 2005, at2103 did operate a motor vehicle upon Apple Street in the City ofTiffin, Seneca County, Ohio. And, you operated said motor vehiclewhile under a non-compliance suspension in violation of Section4510.16(A) of the Ohio Revised Code this is a misdemeanor of thefirst degree with a maximum possible penalty of up to a $1,000fine, plus cost, up to six months in jail, up to a one yearoperator license suspension, a thirty day immobilizationimpoundment of the vehicle and the plates if it was yours but itwas not, so, that does not apply, and six points. The mandatoryminimum penalty for this is six points.
 You've also been charged with driving while under a licenseforfeiture suspension in violation of Section 4510.11(A) of theOhio Revised Code. This is a misdemeanor in the first degree witha maximum possible penalty of up to a $1,000 fine, plus costs,with up to six months in jail, up to a one year operator licensesuspension and six points. A mandatory minimum penalty is sixpoints.
 You've also been charged with driving while under a(Inaudible) suspension in violation of Section 4510.21(A) of theOhio Revised Code. This is a misdemeanor of the first degree withthe maximum possible penalty of up to six months in jail and upto a $1,000 fine, plus cost. It carries with it six points. But,the maximum number of points you can receive out of this entireincident is six.
* * *
The Court: Mr. Brackens, I have in front of me this ticket,did you get a copy of it?
 Mr. Brackens: Yes.
 The Court: Did you read over it?
 Mr. Brackens: Yes, sir.
* * *
The Court: Do you understand what you've been charged with?Mr. Brackens: Yes, sir.
 The Court: What's that?
 Mr. Brackens: Uh, driving under suspensions.
 The Court: Do you understand what the maximum possiblepenalties for each of those offenses are?
 Mr. Brackens: yes, sir.
 The Court: What are they?
 Mr. Brackens: Uh, six months for each one. Uh, I think, uh, atleast six points for each one.
 The Court: Right. Well, although, the le — the most you canget out of any of this is six points. What else?
 Mr. Brackens: Uh, not —
 The Court: Up to a $1,000 fine.
* * *
The Court: Up to a, uh ____ uh, one year operator's licensesuspension. Okay? Any questions about what you've been chargedwith, or what the maximum possible penalties are?
 Mr. Brackens: Uh, no.
 The Court: Mr. Brackens, were you present when I was goingover the rights in court?
 Mr. Brackens: yes.
 The Court: Did you understand those rights as I was explainingthem?
* * *
The Court: Any questions either about the charge, the penalty,or what your plea options are?
 Mr. Brackens: No.
 The Court: What would you like to do? Do you wish to enter aplea, or do you wish for a short continuance in order to speakwith an attorney?
 Mr. Brackens: Uh ____ Okay. Now, all three of these areseparate, right?
 The Court: Hm-hmm.
 The Court: So, in other words (Inaudible — overtalking) —
 The Court: You have three —
* * *
The Court: ____ different suspensions.
 Mr. Brackens: Yeah. So, I mean, that — I could actually getlike, you know, a year and a half in jail?
 The Court: Potentially.
* * *
Mr. Brackens: Well, I'll just go ahead and I'll just pleadguilty.
 {¶ 4} The Court: And, you understand by entering a plea ofguilty, it's a complete admission of your guilt?
Mr. Brackens: Yes, sir.
 The Court: And, you understand what the maximum possiblepenalties are?
 Mr. Brackens: Yes, sir.
Arraignment and Sentencing p. 3-9. Hearing trans. (Emphasis added.)
The trial court accepted Bracken's guilty plea and found him guilty of the charged offenses. The trial court then sentenced him to 180 days in the Seneca County Jail with 120 days conditional suspension and two years of reporting probation on the three convictions to be served concurrently.
 {¶ 5} On November 14, 2005, Brackens filed his notice of appeal raising the following assignment of error:
 Assignment of Error THE TRIAL COURT ERRED BY FAILING TO FULLY ADVISE THE APPELLANTOF THE EFFECT OF HIS GUILTY PLEA AND THEREFORE THE APPELLANT'SPLEA OF GUILTY WAS NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILYMADE.
 {¶ 6} In Bracken's assignment of error, he alleges that the trial court erred by failing to fully advise him of the effect of his guilty plea and therefore his guilty plea was not made knowingly, intelligently and voluntarily.
 {¶ 7} In State v. Watkins, 99 Ohio St.3d 12,788 N.E.2d 635, 2003-Ohio-2419, the Ohio Supreme Court held that because the defendant's charge for a DUI in violation of R.C. 4511.19(A)(1) involved violations of traffic ordinances, the Traffic Rules applied. Similarly, Brackens was charged with and plead guilty to violations of R.C. 4510.16(A), 4510.11(A), and 4510.21(A) also involving violations of Traffic Rules.
 {¶ 8} In Watkins, the Supreme Court held that where a defendant is charged with a petty misdemeanor traffic offense and pleads guilty, a trial court must comply with the requirements of Traf.R. 10(D) by informing the defendant of the information contained in Traf.R. 10(B). Watkins at syllabus. The Supreme Court noted that the Traffic Rules applied to the case since it involved a DUI and that Crim.R. 11(E), applies to non-traffic misdemeanors involving petty offenses. Traf. R. 10(D) provides:
In misdemeanor cases involving petty offenses, except thoseprocessed in a traffic violations bureau, the court may refuse toaccept a plea of guilty or no contest and shall not accept suchpleas without first informing the defendant of the effect ofthe plea of guilty, no contest, and not guilty. (Emphasisadded.)
Traf.R. 10(B) states the effect of pleas of guilty and no contest. Traf.R. 10(B) provides in relevant part:
With reference to the offense or offenses to which the plea isentered:
 (1) The plea of guilty is a complete admission of thedefendant's guilt.
 (2) The plea of no contest is not an admission of defendant'sguilt, but is an admission of the truth of the facts alleged inthe complaint and such plea or admission shall not be usedagainst the defendant in any subsequent civil or criminalproceedings.
 {¶ 9} The Supreme Court concluded in Watkins that there is no constitutional mandated informational requirement for defendants charged with misdemeanors. In addition, it held that "[t]he protections that the Criminal Rules provide to felony defendants should not be read into the Ohio Traffic Rules, which deal only with misdemeanor offenses." Therefore, a trial court does not have to engage in a Crim.R. 11(C) colloquy with the defendant before accepting his plea to a petty traffic offense; however, it must "compl[y] with Traf.R. 10(D) by informing the defendant of the information contained in Traf.R. 10(B)."Watkins, 99 Ohio St.3d at ¶ 26, 788 N.E.2d 1042.
 {¶ 10} In this case, the trial court did advise Brackens of the effect of his guilty plea under Traf. R. 10(B). Accordingly, Bracken's assignment of error is overruled and the October 31, 2005 Judgments entered in the Tiffin Municipal Court, Seneca County, Ohio regarding Case Nos. TRD 0503506A, TRD 0503506B, and TRD 0503506C are affirmed.
Judgments affirmed.
 Rogers and Cupp, JJ., concur.