OPINION
{¶ 1} Defendant-appellant Sandra Howard ("Howard") brings these appeals from the judgments of the Fostoria Municipal Court, Seneca County.
 {¶ 2} Howard was charged with a physical control violation, driving while under suspension, and a refusal to submit to a breath test with a prior conviction within 20 years. On October 1, 2006, Howard was arraigned and a negotiated plea of no contest was entered. The trial court then found Howard guilty of the *Page 3 
physical control violation and driving under suspension. The remaining charge was dismissed pursuant to the plea agreement. Howard appeals from the judgment and raises the following assignment of error.
 The trial court violated [Howard's] right to due process of law, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and erred under [Crim.R. 11(C) and (E)] by failing to advise [Howard] of constitutionally protected rights, and failing to obtain a knowing, intelligent and voluntary waiver of those rights, prior to accepting a no contest plea from [Howard].
 {¶ 3} The assignment of error claims that the trial court erred in accepting the no contest plea without complying with Criminal Rule 11(C) and (E). A petty offense is defined as a misdemeanor for which the penalty includes maximum confinement of six months. Crim.R. 2(C) and (D). The parties agree that the offenses for which Howard was charged are petty traffic offenses. The requirements for the acceptance of a no contest plea involving a petty misdemeanor offense are set forth in Criminal Rule 11(E).
 In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first informing the defendant of the effect of the pleas of guilty, no contest, and not guilty.
Crim.R. 11(E). A review of the record indicates that the trial court specifically informed Howard of the effect of the no contest plea and that Howard indicated that she understood what she was told. Tr. 8-9. This is sufficient to comply with Crim.R. 11(E). *Page 4 
 {¶ 4} Howard's claimed error is that the trial court failed to comply with the requirements of Criminal Rule 11(C). However, in offenses for petty misdemeanors, the trial court is not required to comply with Criminal Rule. 11(C).
 In all cases, the judge must inform the defendant of the effect of his plea. In felony cases and misdemeanor cases involving serious offenses, a judge must also "addres[s] the defendant personally" and "determin[e] that the defendant is making the plea voluntarily."
State v. Watkins, 99 Ohio St.3d 12, 2003-Ohio-2419, ¶ 26, 788 N.E.2d 635
(citing Crim.R. 11(C) and (D)). The requirement that the judge personally address the defendant to insure the voluntariness of the plea and that the defendant understands the rights being waived are not included in the language of Criminal Rule 11(E) which controls acceptance of pleas in petty offense cases. This court has also held that a Criminal Rule 11(C) colloquy is not needed before accepting a plea to a petty traffic offense. State v. Brackens, 3rd Dist. No. 13-05-38, 13-05-39, 13-05-40, 2006-Ohio-2143, ¶ 9. In addition, the trial court addressed Howard as follows.
 The Court: You understand that when you plea no contest you're telling the Court that you admit to the facts of the ticket, that you are not going to contest, argue (inaudible) or fight the charge, and you're giving up those rights to have explained to you (inaudible) first appeared before me. Do you understand that?
 Ms. Howard: Yes. *Page 5 
 * * * *
 The Court: Have you had enough time to talk to Mr. Marley[1] about your plea?
 Ms. Howard: Yes.
 The Court: Are you prepared to proceed then with your pleas of no contest right now?
 Mr. Marley: Are you ready to proceed-
 Ms. Howard: Yes.
Tr. 8-9. This dialogue indicates that the trial court did notify Howard of her rights prior to accepting the plea. Thus, the trial court did not err in accepting the plea. The assignment of error is overruled.
 {¶ 5} The judgments of the Fostoria Municipal Court are affirmed.
Judgments Affirmed.
 ROGERS, P.J., and PRESTON, J., concur.
[1] Mr. Marley was Howard's retained counsel. *Page 1