**[Cite as *State v. Hill*, 2016-Ohio-7524.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                          Court of Appeals No. WD-15-036

      Appellee                                     Trial Court No. CRB 1500208

v.

Darrell K. Hill                                     **DECISION AND JUDGMENT**

      Appellant                                   Decided:  October 28, 2016

* * * * *

P. Martin Aubry, Perrysburg Chief Prosecutor, for appellee.

Robert P. Soto, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This is an appeal of the judgment of the Perrysburg Municipal Court, convicting appellant, Darrell Hill, following a plea of no contest, of one count of domestic violence in violation of R.C. 2919.25(C), a misdemeanor of the first degree. For the reasons that follow, we affirm.

**Facts and Procedural Background**

{¶ 2} On February 24, 2015, appellant was charged with one count of domestic violence in violation of R.C. 2919.25(C), a misdemeanor of the first degree, one count of criminal damaging in violation of R.C. 2909.06, a misdemeanor of the second degree, and one count of menacing in violation of R.C. 2903.22, a misdemeanor of the fourth degree.

{¶ 3} On April 6, 2015, appellant was arraigned. At the arraignment, appellant was presented with a video recording that described the process, the effect of entering a plea of not guilty, guilty, or no contest, and appellant's rights in accordance with Crim.R. 10(C). When his case was called, the trial court asked appellant if he had seen the video, and appellant stated that he did. The court then asked if appellant had any questions about his rights, to which he replied, "Um, no, not really." Following that, the trial court informed appellant of the charges that he was facing as well as the maximum penalties for each charge. The court then referred the matter to the public defender's office, and entered a plea of not guilty on his behalf.

{¶ 4} On April 10, 2015, appellant, represented by counsel, withdrew his plea of not guilty, and entered a plea of no contest to the charge of domestic violence. In return, the state moved to dismiss the charges of criminal damaging and menacing. Prior to accepting his plea, the trial court addressed appellant and had the following discussion regarding the effect of pleading no contest:

2.

THE COURT: With the no contest plea you're not admitting guilt but you are accepting as true any statements made here today?

[APPELLANT]: Yes.

THE COURT: All right. And a no contest plea would not be used against you in a subsequent criminal or civil matter. Do you understand that?

[APPELLANT]: Yes.

THE COURT: However, the conviction on this charge could be used against you if you are again charged with another domestic violence offense. The subsequent or later domestic violence offense would be enhanced to a felony. Do you understand that?

[APPELLANT]: Yes.

{¶ 5} Following this, the trial court conducted a colloquy with appellant describing that by entering his no contest plea he was waiving the right to a trial by a judge or jury, the right to have the state prove his guilt beyond a reasonable doubt, the right to cross-examine any witnesses, the right to testify on his own behalf or not to testify, and the right to subpoena witnesses in his defense. Further, the court informed appellant that by pleading no contest, "you are putting yourself in the position where I can, at my discretion, sentence you up to the maximum amount of penalties, which is $1,000 fine and up to six months in jail on this charge." Appellant affirmed that he understood the trial court's notices. Thereafter, the trial court found that appellant knowingly,

3.

voluntarily, and intelligently entered his plea of no contest, and, after hearing the statement of facts from appellant's counsel, found appellant guilty of the charge of domestic violence. The court then continued the matter for preparation of a presentence investigation report.

{¶ 6} At the sentencing hearing on May 4, 2015, the court heard statements in mitigation from appellant and his counsel, and imposed a sentence of 180 days in jail, with credit for the time appellant has served, and a fine of $500.

## Assignments of Error

{¶ 7} Appellant has timely appealed his conviction, and now asserts two assignments of error for our review:

1. The trial court abused its discretion and committed reversible error in accepting the defendant's plea despite evidence that it was not accepted voluntarily, knowingly, and intelligently.

2. Appellant's trial counsel provided ineffective assistance of counsel.

## Analysis

{¶ 8} In his first assignment of error, appellant argues that his plea was not voluntarily, knowingly, and intelligently entered.

{¶ 9} Appellant first contends that the trial court failed to comply with Crim.R. 11(D), which provides,

4.

In misdemeanor cases involving serious offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first addressing the defendant personally and informing the defendant of the effect of the pleas of guilty, no contest, and not guilty and determining that the defendant is making the plea voluntarily.

Appellant next asserts that it is unclear if he understood the plea agreement and whether he was fully advised of the rights he was waiving by entering into the agreement. Appellant also challenges the trial court's failure to inform him of all of the maximum penalties that could be imposed. Finally, appellant argues that the trial court failed to personally inquire whether he accepted the plea voluntarily.

{¶ 10} We begin by noting that the misdemeanor that appellant was charged with was a petty offense, not a serious offense. *See* Crim.R. 2(C) ("'Serious offense' means any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months.") and Crim.R. 2(D) ("'Petty offense' means a misdemeanor other than a serious offense."). Thus, Crim.R. 11(D) is not applicable. Rather, the trial court was required to comply with Crim.R. 11(E), which states, "In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty." "[I]n accepting a plea to a misdemeanor involving a petty offense, a trial court is required to inform the defendant only of the effect of the specific plea being entered." *State v. Jones*, 116 Ohio St.3d 211,

5.

2007-Ohio-6093, 877 N.E.2d 677, ¶ 20. "[F]or petty offenses, the court is not required to engage in a more detailed colloquy informing appellant of the nature of the charge, the maximum penalty involved, or her constitutional rights." *State v. Waller*, 6th Dist. Ottawa No. OT-12-031, 2013-Ohio-5909, ¶ 8, citing *State v. Watkins*, 99 Ohio St.3d 12, 2003-Ohio-2419, 788 N.E.2d 635, ¶ 27-28.

{¶ 11} Here, the record demonstrates that at both the arraignment and the change of plea hearing the trial court informed appellant of the effect of entering a plea of no contest, and appellant indicated that he understood. Therefore, the trial court complied with Crim.R. 11(E), and we hold that it did not err in accepting appellant's plea. Furthermore, in this case, the trial court went above what was required and informed appellant of the rights he was waiving and the maximum penalties that could be imposed. Thus, we find no merit to appellant's arguments that his plea was not voluntarily, knowingly, and intelligently entered into.

{¶ 12} Accordingly, appellant's first assignment of error is not well-taken.

{¶ 13} In his second assignment of error, appellant argues that he was deprived the effective assistance of counsel. To prevail on a claim of ineffective assistance, appellant must satisfy the two-prong test developed in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). That is, appellant must demonstrate that counsel's performance fell below an objective standard of reasonableness, and a reasonable probability exists that, but for counsel's error, the result of the proceedings would have been different. *Id.* at 687-688, 694. In evaluating an ineffective assistance

6.

claim, courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989), quoting *Strickland* at 689.

{¶ 14} Here, appellant argues that counsel failed to explain the potential maximum sentence and the rights that were being waived, as well as the fact that appellant's prior convictions would be considered during sentencing. In addition, appellant argues that it is unclear whether trial counsel informed him that "the recommendation to suspend [jail] time was only a recommendation and not a guaranteed sentence."

{¶ 15} Upon our review, we find nothing in the record that overcomes the presumption that counsel's conduct was reasonable. Counsel acknowledged conversations with appellant that led her to conclude that he understood "everything that he is entering into today." Moreover, we note that appellant was informed that he was pleading no contest to a first-degree misdemeanor charge of domestic violence, and that it was raised to a first-degree misdemeanor because of his prior convictions. Appellant was also notified that he could be sentenced up to a maximum of 180 days in jail, and a $1,000 fine. Finally, as to appellant's argument relative to a recommended sentence, the record indicates that no recommendation was given by the prosecutor as part of the plea agreement.[1] Therefore, we hold that appellant has failed to demonstrate both that

---

[1] As part of the plea agreement, the state requested a presentence investigation report, including a mental health assessment, and that "any time to be suspended include no contact with [the victims.]"

7.

counsel's conduct fell below an objective standard of reasonableness and that he was prejudiced by her conduct.

{¶ 16} Accordingly, appellant's second assignment of error is not well-taken.

## Conclusion

{¶ 17} For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Perrysburg Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Thomas J. Osowik, J.

Stephen A. Yarbrough, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE