[Cite as *State v. Walton*, 2017-Ohio-8343.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Toledo

      Appellee

v.

Sharday Amere Walton

      Appellant

Court of Appeals Nos. L-16-1250
L-16-1251
L-16-1252
L-16-1254
L-16-1255
L-16-1256
L-16-1259

Trial Court Nos. CRB-14-14539
CRB-14-07982
CRB-16-04606
CRB-14-14539
CRB-14-07467
CRB-14-14260
CRB-16-06285

**<u>DECISION AND JUDGMENT</u>**

Decided: October 27, 2017

* * * * *

David L. Toska, City of Toledo Chief Prosecutor, and
Henry Schaefer, Assistant Prosecutor, for appellee.

Clayton M. Gerbitz, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Plaintiff-appellant, Sharday Amere Walton, appeals the December 19, 2016

judgment of the Toledo Municipal Court which, following no contest pleas to multiple

misdemeanors, sentenced her to 90 days of imprisonment.[1]  Because we agree that appellant's pleas were not properly accepted, we reverse.

{¶ 2} The relevant procedural history is as follows.  The initial complaints were filed in May 2014, charging appellant with two criminal damaging charges.  Appellant was again charged with two criminal damaging charges in September 2014, and with violating a protection order.  The cases were consolidated.

{¶ 3} While the above charges were pending on April 7, 2016, appellant was charged with menacing and on May 9, 2016, appellant was charged with assault.  Due to the new charges, a bond revocation hearing was held on June 7, 2016.  Ultimately, the discussion turned to rescheduling a jury trial for the multiple, consolidated cases.  Scheduling issues arose with defense counsel, the court, and the prosecuting attorney.  The court accepted no contest pleas to several of the charges.

{¶ 4} Appellant was initially sentenced on September 19, 2016, at a hearing where she was not present; the sentence was vacated and appellant retained new counsel who indicated that appellant wished to withdraw her pleas.  The court denied the request and following sentencing, appellant commenced the instant appeal.  Appellant now raises three assignments of error for our review:

> I.  The trial court erred in accepting appellant's pleas by failing to comply with Crim.R. 11(E).

---

[1] The original judgment entry was dated October 12, 2006; on November 23, this court remanded the matter, sua sponte, to comply with Crim.R. 32(C).

2.

II.  The trial court abused its discretion when it denied appellant's motion to withdraw her no contest pleas.

III.  Appellant was deprived of effective assistance of counsel.

{¶ 5} In her first assignment of error, appellant contends that her pleas were not knowing or voluntary because the court failed to give any of the notifications under Crim.R. 11.  The states concedes that the court failed to give the requisite notice.

{¶ 6} Pleas to minor misdemeanors do not require the full plea colloquy under Crim.R. 11(C).  *State v. Hill*, 6th Dist. Wood No. WD-15-036, 2016-Ohio-7524, ¶ 10. Crim.R. 11(E) provides that in a plea proceeding involving a minor misdemeanor "the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first informing the defendant of the effect of the pleas of guilty, no contest, and not guilty."

{¶ 7} The effect of a no contest plea is defined as informing the defendant that the plea "is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding."  Crim.R. 11(B)(2).

{¶ 8} During the June 7, 2016 proceedings, the following exchanges took place:

Mr. Geller:  You want to just plead guilty to everything?  Say to heck with it; go to jail?

Ms. Walton:  That's what's happening right now.

3.

Mr. Geller:  Just do that, and – just plead guilty to everything; then come back.

Ms. Walton:  And then she give me all of my two years?

Mr. Geller:  Yeah, but at least get it started.

Ms. Walton:  Get it started?

The Court:  I never said I was giving her two years.

Mr. Geller:  That's a possibility.

Ms. Turvey:  Maximum time.

Mr. Geller:  Your Honor, let me put this on the record.  Maybe it's my fault; and I'll take responsibility.  I'll take full responsibility.

The Court:  There is no responsibility to take. We're trying to schedule a trial here.

{¶ 9} The parties then discussed the charges to which appellant would enter no contest pleas.  Thereafter, the following discussion took place:

Mr. Geller:  Your Honor, at this time, we would enter a plea of no contest; consent to a finding of guilt; waive reading and the call for an explanation of circumstances.

The Court:  Each of these charges?

Mr. Geller:  Yes; that's correct, Your Honor.

4.

{¶ 10} As conceded by the state, and evidenced in the transcript of the plea proceedings, there was no mention of the effect of appellant's no contest pleas. Accordingly, appellant's first assignment of error is well-taken.

{¶ 11} Based on our disposition of appellant's first assignment of error, we find appellant's second and third assignments of error are moot and not well-taken.

{¶ 12} On consideration whereof, we find that appellant was prejudiced and prevented from having a fair proceeding and the judgment of the Toledo Municipal Court is reversed, appellant's pleas are vacated, and the matter is remanded for further proceedings. Pursuant to App.R. 24, the state is ordered to pay the costs of this appeal.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                        _____

JUDGE

Arlene Singer, J.                

_____

Christine E. Mayle, J.              JUDGE

CONCUR.

_____

JUDGE