[Cite as *State v. Bourn*, 2018-Ohio-2040.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

Court of Appeals Nos.  S-17-032
S-17-029

Appellee

Trial Court No.  TRD 1503114A

v.

Jermaine R. Bourn

**DECISION AND JUDGMENT**

Appellant

Decided:  May 25, 2018

* * * * *

Brett A. Klimkowsky, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from an August 4, 2017 judgment of the Fremont

Municipal Court, Sandusky County, Ohio, denying appellant's post-sentence Crim.R.

32.1 motion to withdraw a no contest plea to one count of driving with fictitious plates, in violation of R.C. 4549.08.

{¶ 2} We note that appellee declined to submit a brief opposing the instant appeal. For the reasons set forth below, this court vacates the plea, reverses the trial court judgment, and remands this matter back to the trial court for further proceedings consistent with this opinion.

{¶ 3} Appellant, Jermaine R. Bourn, sets forth the following assignment of error:

1. [T]he Trial Court committed reversible error by refusing to permit Appellant to withdraw Appellant's nolo contendere plea.

{¶ 4} The following undisputed facts are relevant to this appeal.  On September 28, 2015, appellant was cited on one count of driving under suspension, in violation of R.C. 4510.16, and one count of driving with fictitious plates, in violation of R.C. 4549.08.

{¶ 5} On June 20, 2017, appellant entered a no contest plea to the fictitious plates offense, in exchange for dismissal of the other pending traffic offense.  The trial court sentenced appellant to a 10-day suspended term of incarceration, $100.00 fine, and court costs.

{¶ 6} On August 1, 2017, upon discovering that this plea agreement would be reported to the Ohio Bureau of Motor Vehicles ("BMV"), triggering an additional license

2.

suspension, appellant filed a Crim.R. 32.1 post-sentence motion to withdraw the previously entered plea. On August 4, 2017, the motion was denied. This appeal ensued.

{¶ 7} In the sole assignment of error, appellant maintains that the trial court failed to comply with Crim.R. 11(E) such that it was prejudicial error to deny appellant's motion to withdraw the no contest plea as it was not knowingly and intelligently made. We concur.

{¶ 8} Crim.R. 32.1 establishes that, "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶ 9} It is well-established that when a trial court completely fails to comply with Crim.R. 11, whether the rights at stake are constitutional or non-constitutional, it may be presumed that a knowing, intelligent, and voluntarily plea could not have been made such that the plea must be vacated. *State v. Whitfield*, 6th Dist. Lucas No. L-17-1083, 2018-Ohio-667, ¶ 9.

{¶ 10} In conjunction with the above, Crim.R. 11(E) establishes that in misdemeanor cases such as the traffic offenses underlying the instant case, "[T]he court * * * shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty."

3.

{¶ 11} We have carefully reviewed and considered the record of evidence in the instant case, paying particular attention to the transcript of the change of plea proceedings.

{¶ 12} The record reflects that the trial court failed to comply with Crim.R. 11(E). The record shows that the trial judge did not directly address the defendant regarding any of the rights being waived or the effects of the plea being entered. On the contrary, the record shows that the trial court addressed solely appellant's trial counsel, but did not directly address appellant, on substantive matters. The record further shows that the trial court's discourse wholly failed to address the rights being waived and the effects of the plea.

{¶ 13} The record reflects that the trial court stated to appellant's counsel, "Today you wish to withdraw a not guilty plea entered in this charge?" Counsel for appellant answered in the affirmative. Shortly thereafter, the trial court summarily stated, "I think we've touched all the bases. Defendant found guilty." The record of evidence refutes that conclusion.

{¶ 14} While the record reflects that the trial court did engage in direct discourse at the change of plea hearing with appellant on a wide range of periphery issues, the trial court failed to engage in any discourse with appellant to affirm appellant's understanding of the rights being waived or the effects of the plea.

4.

**{¶ 15}** Based upon the foregoing, we find that the trial court did not comply with Crim.R. 11(E) in this case. Therefore, we find appellant's sole assignment of error well-taken.

**{¶ 16}** Wherefore, the judgment of the Fremont Municipal Court is reversed, appellant's plea is vacated, and this case is remanded to the trial court for further proceedings consistent with this decision. Appellee is ordered to pay the cost of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                          _____
                                                                                JUDGE
Thomas J. Osowik, J.

James D. Jensen, J.                              _____
CONCUR.                                                              JUDGE

                                                                 _____
                                                                                JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.