[Cite as *State v. Blade*, 2021-Ohio-2863.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WILLIAMS COUNTY

State of Ohio/City of Bryan

    Appellee

v.

Douglas T. Blade

    Appellant

Court of Appeals No.  WM-21-001

Trial Court No.  CRB2000426

**DECISION AND JUDGMENT**

Decided:  August 20, 2021

* * * * *

Clayton J. Crates, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Douglas Blade, has commenced this accelerated appeal from the December 9, 2020 judgment of the Bryan Municipal Court which, following his no contest plea to violating a temporary protection order, sentenced him to 180 days in jail and a fine.  Because we find that the court failed to inform him of the effect of his plea, we reverse.

**{¶ 2}** On August 18, 2020, a complaint was filed charging appellant with violating the terms of a protection order issued under R.C. 2919.27(A)(1), a first degree misdemeanor. At his September 3, 2020 arraignment, appellant was presented with and signed a "Statement of Rights and Acknowledgement" indicating, inter alia, his right to be represented by counsel, his right to a trial if the potential penalty included jail time and a fine of over $150, and the pleas available. Appellant entered a not guilty plea and requested a trial by jury.

**{¶ 3}** Thereafter, on November 3, 2020, appellant withdrew his not guilty plea and entered a no contest plea to the charge. On the same date, appellant signed a form withdrawing his request for a jury trial; he indicated: "I knowingly, intelligently and voluntarily make this withdraw of my constitutional right to a jury trial." A presentence investigation report was ordered.

**{¶ 4}** On December 9, 2020, appellant was sentenced to 180 days of incarceration and a suspended $350 fine. His postsentence motion to withdraw his plea was summarily denied. This appeal followed with appellant raising the following assignment of error:

> Assignment of Error No. 1: The trial court committed prejudicial error by accepting appellant's no contest plea and finding appellant guilty.

**{¶ 5}** Appellant's sole assignment of error asserts that the trial court erroneously accepted his plea of no contest without first, as required under Crim.R. 11, ascertaining

2.

that the plea was entered into with the knowledge of the effect of the plea including the rights he was waiving.

{¶ 6} In this case, the offense appellant was charged with was a first degree misdemeanor, punishable by a maximum of 180 days confinement. Thus, it was a petty offense. *See* Crim.R. 2(D), (E). Before a trial court may accept a plea of no contest to a petty offense, it must comply with the provisions of Crim.R. 11(E). Crim.R. 11(E) relevantly provides: "In misdemeanor cases involving petty offenses, the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, or not guilty." Crim.R. 11(B)(2) sets forth the effect of a no contest plea:

> The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding.

{¶ 7} During the November 3, 2020 plea hearing, the following took place:

> [DEFENSE COUNSEL]: It's my understanding that Mr. Blade would withdraw his previous plea of not guilty and enter a plea of no contest. He would waive reading of the operative facts and simply to finding of guilt as to the TPO violation.

3.

THE COURT: Let's have him sign the waiver of the jury demand, please.

All right. With that, then, the plea – we'll accept the plea and find the Defendant guilty, then, of the violating of the temporary protection order. The matter will be referred to the probation department for a presentence investigation.

One other matter. Mr. Blade, were you ever fingerprinted by –

[DEFENSE COUNSEL]: Just today.

THE DEFENDANT: Yes, sir.

THE COURT: Today. Fantastic.

All right. Go across the hall to probation. They will get you all set up and give you a packet of information and give you an appointment then.

THE DEFENDANT: Thank you.

THE COURT: Thank you.

{¶ 8} The above exchanges and a review of the written record reveal that the trial court made absolutely no attempt to inform appellant of the effect of his no contest plea. Such failure was in clear violation of Crim.R. 11(E), and constitutes reversible error. *See State v. Bourn*, 6th Dist. Sandusky Nos. S-17-032, S-17-029, 2018-Ohio-2040; *State v. Walton*, 6th Dist. Lucas Nos. L-16-1250-52, L-15-1254-56, L-16-1259, 2017-Ohio-8343. Accordingly, appellant's assignment of error is well-taken.

4.

**{¶ 9}** On consideration whereof, we reverse the December 9, 2020 judgment of the Bryan Municipal Court. Appellant's plea is vacated and the matter is remanded for proceedings consistent with this decision. Pursuant to App.R. 24, appellee is ordered to pay the costs of this appeal.

Judgment reversed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Thomas J. Osowik, J.

Gene A. Zmuda, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.